■ In the Matter of L'INTRIGUE, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to annul a determination of the State Liquor Authority, dated November 15, 1967, which cancelled petitioner's restaurant liquor license on the grounds that the petitioner had violated sections 99-d, 106 (subds. 12, 5) and 110 of the Alcoholic Beverage Control Law and rule 36 (subds. 2, 6) (9 NYCRR 53.1 [b], [f]) of the Rules of the State Liquor Authority. Determination unanimously modified on the facts, and in the exercise of discretion, to the extent of striking out the provision canceling petitioner's license, by annulling such cancellation and by substituting therefor a provision suspending petitioner's license for a period of 30 days. As so modified, determination confirmed, without costs or disbursements. While petitioner was lax in the keeping of its books and records, in reporting changes of its stockholders and directors, which did not effect any change in the management, and was chargeable with other technical violations, in our opinion, the penalty of cancellation was excessive. Under all the circumstances, the penalty should have been limited to a suspension of the license for a period of 30 days. Settle order on notice. Concur — Botein, P. J., Capozzoli, McGivern, Rabin and McNally, JJ.

## (March 19, 1968)

■ In the Matter of ISIDORE GINSBERG, an Attorney.— Motion for reinstatement to the Bar denied. Concur — Botein, P. J., Rabin, McNally, Stevens, and Eager, JJ.

## (March 21, 1968)

■ In the Matter of MICHAEL P. GRACE, II, Appellant, v. GRACE INSTITUTE, Respondent.— Motion to dismiss appeal dismissed, having become academic by virtue of the decision of this court on appeal decided herewith (*Matter of Grace* v. *Grace Institute,* 29 A D 2d 919). Concur — Botein, P. J., Stevens, Eager, Capozzoli and McGivern, JJ.