■ In the Matter of R. & L. BAR & GRILL, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination dated February 6, 1970 of respondent New York State Liquor Authority directing cancellation of petitioner's liquor license, confirmed, with $50 costs and disbursements to the respondent. Substantial evidence is found in the record to justify, among other things, the conclusion that the licensee's principal was providing a false front for a former principal whose license had been recalled. Such a violation strikes at the heart of the statutory control system, and the penalty of cancellation is therefore not unduly severe. Concur — Markewich, McNally and Tilzer, JJ.; McGivern, J. P., dissents in the following memorandum: I find no warrant in the record for the imposition of the supreme penalty. To the contrary, I find the record lacking in the essential quality of "substantial evidence" exacted by the courts. (*Matter of La Forge* v. *Kennedy*, 7 N Y 2d 973; *Matter of Phinn* v. *Kross*, 8 A D 2d 132.) True, the record abounds with inference and innuendo, but the courts do not deprive a licensee of his license for such elusive reasons. There were four charges: 1. That the peti-

tioner permitted the Moss brothers to avail themselves of the license. So far as this charge is concerned it is significant that (a) no audit of the books was made or requested by the Authority; (b) Paul Moss was admittedly in Florida since April, 1969; and (c) at one point, Commissioner Zenir exclaimed, " The testimony I heard about Theodore Moss thus far shows the opposite to what you intended ". This first charge, the most serious, was dismissed out of hand by Commissioner Hart. 2. That an alteration of the premises was unauthorized. This hardly warrants cancellation. Commissioner Hart considered a 10-day penalty more than adequate. With this view I have no quarrel. 3. That adequate books were not on the premises. This was dismissed. 4. That the licensee, to conform with his bank's practice in dealing with its depositors, recorded his daughter as secretary. At the most, this was but a technical violation. On the other hand, over the years the premises were maintained free of blame except for charges of a concededly inconsequential nature. In my view, the record clearly discloses the absence of any substantial evidence to establish the charges contained in the first specification. On this record, the Authority did not make a case (*Edison Co.* v. *Labor Bd.* 305 U. S. 197). Unquestionably, the determination canceling petitioner's license was actuated in great measure by the adverse finding as to this first charge. Consequently, I would annul the determination. Since, however, I find the second and fourth charges were sustained, I would, in view of their minor and technical character, remand the matter to the respondent to reconsider the punishment in the light of this dissenting memorandum.