Jones, J.
We hold that the outright revocation by the Board of Regents of petitioner’s license to practice nursing as a licensed practical nurse, in the circumstances disclosed in this record, was an abuse of discretion and that the imposition of such penalty must accordingly be annulled. To this extent we agree with the Appellate Division. We modify the order in the Appellate Division, however, and remit the case for further consideration by the Board of Regents.
This is another occasion in which judicial review is sought of an administrative determination in a disciplinary or regulatory proceeding — a subject to which we addressed ourselves in Matter of Pell v Board of Educ. (34 NY2d 222). We recognized in Pell (p 241) that the cases there before us "involved only disciplinary sanctions imposed internally in various administrative agencies and [did] not cover discipline imposed upon regulated persons or entities outside an administrative agency”. Thereafter, in Matter of Butterly & Green v Lomenzo (36 NY2d 250) we confronted a case, as here, involving the imposition of a penalty by an administrative agency on a member of the public over whom it has regulatory authority. We then said (p 258), "[w]here an administrator is clothed by the Legislature with responsibility of licensing and disciplining a calling, he must not be denuded of the commensurate authority to punish those licensees who violate professional standards unless his measures are shockingly unfair.”
The standard of review as to internal discipline and external regulation is precisely the same, namely, was there an "abuse of discretion as to the measure or mode of penalty or discipline imposed”? (CPLR 7803, subd 3.) In both instances respect and weight are to be accorded the determination made by the agency charged with responsibility for fixing the penalty or discipline because of the special capability, competence and experience of that agency and in consequence of the confidence in it implicit in the legislative grant of authority and responsibility to it.
In cases involving internal discipline it is appropriate to accord a somewhat broader range to the scope of administrative discretion. In such matters the administrative official or agency is assumed to possess not only a special proficiency and experience which are not necessarily always to be found in *185 the courts, but also an alertness to and a comprehension of the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships which make it all the more important that the courts exercise restraint before intruding into matters involving internal discipline and morale.
In some contrast, the same considerations do not necessarily obtain with respect to judicial review of determinations enforcing external regulation. While recognizing, of course, the experience and the peculiar competence of the administrative agency officially charged in the public interest with responsibility for the regulation of activities of its licensees, nonetheless factors of both individual and comparative fairness and evenness among the licensees as a group should weigh more heavily.
Applying this latter perspective then to the present case, we would not have been disposed to disturb the penalty of unconditional revocation of the license of a practical nurse in the circumstances disclosed in this record had the imposition of such penalty been predicated on the specifications charged and proved (and as to the determination of guilt of which no issue is raised on this appeal). Our reading of the record, and particularly the report of the Regents Committee on Discipline, later adopted by the Board of Regents as the predicate for its determination, however, satisfies us that the penalty of revocation here was imposed not because this nurse had been found guilty of addiction to the use of heroin and cocaine (Education Law, former § 6911, subd 1, par f; L 1947, ch 820, as amd) or of unprofessional conduct in consequence of such addiction (Education Law, former § 6911, subd 1, par g; L 1947, ch 820, as amd), but rather because of her alleged "lack of candor”, a charge never made against appellant in the disciplinary proceedings and as to which she was given no adequate opportunity to respond.
The hearing panel had found appellant guilty of the two charges specified and had recommended revocation of her license and registration as a practical nurse but that such revocation be stayed and that appellant be placed on probation for a period of five years. After accepting the finding of guilt by the hearing panel, the Regents Committee reported: "It is also our opinion that there is certain conduct of the respondent reflected in the record, as hereinafter set forth, which dictates against the exercise of discretion in her favor *186 with respect to the retention of her license on a probationary basis.” The committee report then proceeded to an inaccurate description of two episodes in which the report characterized the conduct of the nurse as "reflecting a lack of candor”.
We conclude that it was an abuse of discretion on the part of the administrative agency here to predicate the imposition of the penalty on alleged misconduct of which the licensee had not been charged in the disciplinary proceeding and as to which she was not given reasonable opportunity to respond. Accordingly we agree that the imposition of the penalty should be annulled.
Having then annulled the administratively imposed penalty in the exercise of the responsibility of judicial review, it does not necessarily follow that either the Appellate Division or our court should then proceed in the exercise of a judicial function to design a substitute or replacement penalty. As we have said the courts must recognize the capability, competence, and experience of the administrative agency in the fashioning of regulatory penalties. It is the responsibility of the agency to impose the penalty; it is the responsibility of the courts, within the limited scope available to them, to review the penalties imposed by the agency. It is primarily for the Board of Regents, not the courts, to weigh the significance to be attached to appellant’s participation in the methadone maintenance program and her efforts at rehabilitation, as well as the possibly adverse effect of outright revocation of her license on the State policy of encouraging rehabilitation of drug addicts.
Accordingly, the order of the Appellate Division should be modified and the case remitted to the Appellate Division with directions that it be sent back to the Board of Regents for reconsideration of the penalty to be imposed.