Chief Judge Breitel.
In an article 78 (CPLR) proceeding brought by licensee to review two determinations of the State Liquor Authority, the Authority appeals. After a hearing in consolidated revocation and nonrenewal proceedings, the Authority canceled licensee’s liquor license, with a $250 bond penalty, and disapproved its renewal application. The Appellate Division unanimously modified, reducing the sanction to a 30-day suspension, with the $250 bond penalty, and annulled the determination disapproving the renewal application.
The issue* is whether the Authority abused its discretion by canceling and refusing to renew licensee’s liquor license because of its careless failure to keep adequate business records and to maintain accurate ownership documents with the Authority.
There should be an affirmance. Absent evidence of willful deception or corruption, or the likelihood of either, imposition of the severe sanctions of cancellation and nonrenewal for licensee’s careless violations of the record-keeping and ownership certification requirements of the Alcoholic Beverage Con *190 trol Law was so disproportionate to the violations as to constitute an abuse of the Authority’s discretion.
Licensee Shore Haven Lounge has operated under a restaurant liquor license since 1968. Investigation by the State Liquor Authority in 1972 and 1973 disclosed that licensee had failed to maintain adequate business records on the premises, in violation of subdivision 12 of section 106 of the Alcoholic Beverage Control Law. More important, the Authority learned that licensee’s principal of record, Pasquale Morgigno, was not the sole party in interest. Instead, Morgigno’s brother-in-law, Vincent Dimperio, was an undisclosed partner, to whom the day-to-day management of the business had been entrusted. Moreover, Dimperio and Morgigno’s wife had become corporate officers in 1969, without the Authority’s permission required by subdivision 2 of section 99-d of the Alcoholic Beverage Control Law. At the hearing, Morgigno entered a plea of "no contest” to the charges and specifications.
Neither Dimperio nor Morgigno’s wife had any criminal record. There was no suggestion that Morgigno had been anything other than careless in his record-keeping, his failure to disclose Dimperio’s participation in the business, and his neglect to file a change of corporate officers. Morgigno testified that he thought that he had not done anything wrong because of the close family relationship among the principals.
The result of this case accords with the restatement of principles, including that of judicial restraint, governing administrative sanctions contained in Matter of Pell v Board of Educ. (34 NY2d 222, 230-235). More recently, in Matter of Ahsaf v Nyquist, decided simultaneously with this appeal (37 NY2d 182), the court, as it did in Matter of Butterly & Green v Lomenzo (36 NY2d 250, 255), adheres to those principles in applying them to regulated licensees as distinguished from internal agency employees and officers.
Thus, the support for the Appellate Division’s judgment is the undisputed absence of conscious violation of the law by, and ulterior motivation of, licensee or its principals, or even the likelihood of such ulterior motivation (see, e.g., Matter of Potter v New York State Liq. Auth., 37 AD2d 760; compare, e.g., Matter of Hacker v New York State Liq. Auth., 19 NY2d 177, 184; Matter of R & L Bar & Grill v New York State Liq. Auth., 34 AD2d 933). At worst, there was, in this case, gross carelessness by licensee without any evidence of prejudice to *191 the public interest, except perhaps in the abstract. With no reason to believe that the laxness by licensee will continue, the licensee should not suffer the fact or the threat of a death sentence to its enterprise (see Matter of L'Intrigue v New York State Liq. Auth., 29 AD2d 854). Moreover, by reducing the sanction imposed to a 30-day suspension and a bond penalty of $250, the fault of the licensee was not being treated lightly by the Appellate Division.
The court does not minimize the paramount importance of requiring and enforcing strict record-keeping by licensees under the Alcoholic Beverage Control Law and preserving the accuracy and authenticity of records within the regulatory agency reflecting ownership and operation of licensees. Thus, should licensee from this point on fail to comply meticulously with the requirements of the law and regulations applicable to it, an entirely different basis would exist for the imposition of the agency’s sanctions.
Under the circumstances, there is no occasion, as there may often be, to remit the matter to the agency to reconsider the sanctions imposed. Only needless delay would result, especially in the regularization of the status of the licensee and of its ownership documents filed with the agency (see Matter of Ahsaf v Nyquist, 37 NY2d 182, supra; Matter of Pell v Board of Educ., 34 NY2d 222, 234, supra).
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.