## (June 19, 1975)

In the Matter of JOSEPH DE SALVATORE, Appellant, v CITY OF ONEONTA, BOARD OF PUBLIC SAFETY, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered July 2, 1973 in Delaware County, which, in a proceeding pursuant to CPLR article 78, confirmed a determination of the Oneonta Board of Public Safety finding petitioner guilty of three charges of neglect of duty and suspending him from duty for a period of one month without pay. For approximately six days in May, 1972, demonstrations occurred in the City of Oneonta, New York, against American involvement in the war in Vietnam. On May 15, 1972 there was concentrated activity in front of the Armed Services Recruiting Station in the form of mass picketing, so much so that a civilian, with a legitimate reason to enter the building, needed the assistance of the two police officers then on duty to effect his entry. Thereafter, one of the police officers called headquarters asking for assistance. This request was communicated to the Chief of Police, but no one was dispatched in response thereto. When the individual attempted to leave the recruiting station, unpleasantness erupted and he was unable to exit. In fact, he became wedged in the doorway under circumstances indicating a need for immediate assistance for the protection of his person. At this time a radio call was made for help and a number of officers immediately responded without any direction from the chief, although he was also aware of this second request. This incident precipitated the filing of a number of charges against the chief by a uniform sergeant who was one of the officers at the recruiting station and by one who had voiced other complaints about the method and procedures, or the lack thereof, in effect in the department for the proper handling of demonstrations. Hearings on these charges were held before the Board of Public Safety and, at the conclusion thereof, the board found petitioner innocent of some accusations, but guilty of three specific charges of neglect of duty in that (1) the chief failed to properly brief his policemen about a "no confrontation" policy in effect with respect to demonstrations and that he failed to tender any direction or take charge of the afore-mentioned disturbance when it erupted; (2) the chief failed to take any action upon the request for assistance from the two officers at the recruiting station; and (3) the chief failed to allocate in his budget sufficient funds for riot or crowd-control equipment although such funds were available. On this appeal, petitioner raises a number of issues related to the conduct of the hearings which we find to be totally without merit. He also contends that the record lacks substantial evidence to support the determination of the board. With this contention we must also disagree. It is abundantly clear that the board

painstakingly examined the testimony of each witness and carefully sifted the relevant facts from this voluminous record before arriving at its conclusion that the three charges should be sustained. In May, 1972 the Oneonta Police Department was aware of the definite future potential of uncontrollable mob action. Operating procedures, training programs, and necessary equipment were not made available to cope with disorders of this nature. The board has fixed the responsibility for these failures upon petitioner and there is substantial evidence in the record to support that determination. Under all the facts and circumstances the findings of the board and the penalty imposed are within the valid exercise of its discretion and should not be disturbed *(Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of McDermott v Murphy,* 15 AD2d 479, affd 12 NY2d 780). We treat this proceeding as if it had been transferred in the first instance (CPLR 7804, subd [g]). Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.