█ In the Matter of GEORGE P. MERRIN, Petitioner, v TOWN BOARD OF THE TOWN OF KIRKWOOD et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Town Board of the Town of Kirkwood, demoting the petitioner in grade and title, after a hearing, pursuant to section 75 of the Civil Service Law. Petitioner, on July 13, 1964, was hired by respondent board as Superintendent of the Water and Sewer Department. While the essential functions of the job remained unchanged, the title was changed to foreman at some point in petitioner's tenure. On March 29, 1974, three charges were preferred against the petitioner and, after a hearing, it was found that two of the charges had been sustained and the third was dismissed. Petitioner was demoted in grade and title to the position of Sewer and Water Department laborer, at a wage of $4 per hour. As foreman, he received an annual wage

of $8,840. In seeking review, petitioner contends that the sustained charges are not supported by substantial evidence and that respondents' determination of the punishment and penalty imposed was arbitrary and capricious and that the proceedings denied petitioner due process. Charge I accused the petitioner of having violated subdivision (a) of section 3 of the Code of Ethics of the Town of Kirkwood which had been duly adopted in December, 1970, pursuant to the mandate of section 806 of the General Municipal Law. Subdivision (a) of section 3 of the code provides as follows: "(a) Gifts. He shall not directly or indirectly, solicit any gift; or accept or receive any gift having a value of twenty-five dollars or more, whether in the form of money, services, loan, travel, entertainment, hospitality, thing or promise, or any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part." The petitioner admitted that he received a stereo and that its value exceeded $25. As foreman of the department, the petitioner was granted discretion in the selection of chemical suppliers, and the hearing officer found that the purchases made by petitioner from Titan Industries, donor of the stereo and other gifts, reasonably demonstrated that the gifts were tied to a benefit to Titan Industries. The basis of this conclusion was the testimony which demonstrated that chemicals of other suppliers were replaced in use by chemicals of Titan Industries. The petitioner defended his acceptance of the stereo, contending that he had not been served with a copy of the code and was unaware of its provisions. However, the secretary to the supervisor testified that, as part of her duties, she served a copy on the petitioner on December 17, 1970, and it is to be further noted that the failure to receive the code does not excuse noncompliance, nor does it affect the enforcement of its provisions. We must conclude, upon all the facts, that Charge I was clearly sustained. Charge II accused the petitioner of being derelict and incompetent in the performance of his official duties, in that he failed to notify either the Town Supervisor or the County Health Department or the City of Binghamton officials of the fact that a malfunctioning pumping station was causing raw sewage to be dumped into the Susquehanna River, upstream from the intake for the City of Binghamton water supply. The petitioner testified that he knew of the requirements of the Public Health Law and that he knew the raw sewage was going into the river above the city's intake. In defense of his failure to act, the petitioner testified that he called one John Alexander, representative of the manufacturer of the pump who had agreed to come to Kirkwood to assist in its repair. Alexander denied this at the hearing. As a further excuse, the petitioner showed that the filtration and chlorination procedures used by the city's water supply system were sufficient to take care of the increased coliform bacteria caused by the discharge. We are unimpressed by this argument, as well as by petitioner's claim that there were no instructions or directions to cover such a situation. The application of the slightest degree of common sense would dictate the giving of notice to all agencies concerned. The evidence, without doubt, sustains this charge. In reference to the petitioner's contention that the penalty imposed was disproportionate to the offense, we cannot agree. This court's rule in reviewing an administrative disciplinary determination and the long-established limitation, restricting review to instances "where the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" have, within the year, been thoroughly discussed by the

Court of Appeals in *Matter of Ahsaf v Nyquist* (37 NY2d 182); *Matter of Shore Haven v New York State Liq. Auth.* (37 NY2d 187); *Matter of Butterly & Green v Lomenzo,* (36 NY2d 250); *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck* (34 NY2d 222). Recognizing that the rule reflects a purely subjective response to the situation presented and that its language reflects difficulty in articulating an objective standard, the Court of Appeals set forth certain elements to be considered under certain circumstances, so that legislative intention and the court's obligation to do justice could both be fulfilled. Our application of these elements to the facts and circumstances of this review leads us to conclude that the penalty imposed by the board is proportionate to the offense and snugly fits the pattern of the sustained charges. We find no merit to the petitioner's broad and unspecified contention that the procedure here was improper and that it constituted a denial of due process. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.