In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Arverne II, Stage II, Urban Renewal Project, in the Borough of Queens. JEROME M. HERSKOVITS, Appellant. In a condemnation proceeding, the claimant appeals from so much of a sixth separate and partial final decree of the Supreme Court, Queens County, dated November 13, 1974, as, after a nonjury trial, overruled his objections and fixed the amount of the condemnation award. Sixth separate and partial decree affirmed insofar as appealed from, without costs or disbursements. The record supports the trial court's award of $211,000. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

In the Matter of RANDOLPH COWAN, Appellant, v WILLIAM H. SCHERMERHORN et al., Constituting the Board of Appeals of the Town of Islip, et al., Respondents.—Judgment of the Supreme Court, Suffolk County, entered March 26, 1975, and amended judgment of the same court, entered June 17, 1975, affirmed upon the opinions of Mr. Justice Geiler at Special Term. Damiani, Acting P. J., Rabin, Titone and Hawkins, JJ., concur.

In the Matter of DODD'S LIQUOR CITY CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated October 17, 1975, which, after a hearing, suspended petitioner's retail liquor store license for a period of 10 days and imposed a $1,000 bond claim. Petition granted to the extent that the determination is modified, on the law, by (1) deferring the suspension and (2) reducing the bond claim to $250. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. No findings of fact were presented for review. The punishment imposed was disproportionate to the offense to the extent indicated herein and constituted an abuse of discretion (see *Matter of Shore Haven Lounge v New York State Liq. Auth.*, 37 NY2d 187). Margett, Damiani and Hawkins, JJ., concur; Hopkins, Acting P. J. and Rabin, J., dissent and vote to confirm the determination.

In the Matter of CAROLINE FRANK, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board, dated May 24, 1973, and made after a hearing, which dismissed petitioner's charge that she had been dismissed from her position as a probationary teacher as a result of the exercise of her protected right to engage in a concerted activity. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination is supported by substantial evidence. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.