49 N.Y.2d 874 (1980)
Rob Tess Restaurant Corp., Respondent,
v.
New York State Liquor Authority, Appellant.
Court of Appeals of the State of New York.
Argued February 8, 1980.
Decided March 25, 1980.
Martin P. Mehler and Warren B. Pesetsky for appellant.
William P. Maloney and Joseph E. Porcelli for respondent.
Judges JASEN, JONES, WACHTLER, FUCHSBERG and MEYER concur in Per Curiam opinion; Chief Judge COOKE dissents and votes to affirm in a separate opinion in which Judge GABRIELLI concurs.
*875 Per Curiam.
The judgment of April 17, 1979 of the Appellate Division should be modified by striking therefrom everything after the word "cancellation" and remitting the matter to the Appellate Division with directions to remand it to the authority for the imposition of an appropriate penalty other than cancellation.
We agree with the Appellate Division that in view of the 37-year unblemished record of the licensed premises and the owner's immediate intervention in the short altercation the penalty of cancellation is "so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct" (Matter of Pell v Board of Educ., 34 N.Y.2d 222, 234). However, under CPLR 7803 (subd 3) the establishment of *876 an appropriate penalty other than cancellation should be left to the authority (Matter of Ahsaf v Nyquist, 37 N.Y.2d 182, 186; cf. Matter of Shore Haven Lounge v New York State Liq. Auth., 37 N.Y.2d 187, 191; Matter of Pell v Board of Educ., supra, at p 234). A reviewing court is free to state the maximum penalty the record will sustain, but should leave the exact nature of the penalty to be imposed to the discretion of the agency. If cancellation is precluded as excessive, it may well be that the State Liquor Authority would deem it appropriate and preferable to fashion some penalty different from that which the Appellate Division would impose. In any event, responsibility for fixing the penalty is vested in the administrative agency. The possibility of "circular proceedings" suggested by the dissent is, therefore, more apparent than real.
Chief Judge COOKE (dissenting).
I agree that the penalty must be set aside as "shocking to one's sense of fairness". But I cannot endorse the practice of automatically remitting such a case to an administrative agency for it to assess yet another penalty which will be subject to yet another round of judicial review.
The rule governing reassessment of administrative penalties was established in Matter of Pell v Board of Educ. (34 N.Y.2d 222, 234): "When an administrative abuse of discretion is determined to have occurred, it may be appropriate more often to remand the matter for the fixing of the sanction by the agency initially exercising the power unless in the circumstances peculiar to a particular case we deem the record sufficient to permit the reviewing court to assess the permissible measure of punishment warranted." Yet, in those few instances since Pell where this court has annulled a penalty, no uniform procedure has been followed. In some cases the court, with only a few conclusory comments, has approved judicial assessment of the appropriate sanction (see Matter of Shore Haven Lounge v New York State Liq. Auth., 37 N.Y.2d 187, 191). Other matters have been remitted to the appropriate agency for the fixing of a new penalty, again accompanied by little in the way of explanation (see Matter of Harris v Mechanicville Cent. School Dist., 45 N.Y.2d 279, 285). Indeed, on at least one occasion, the question of who should set the new sanction provoked sharp disagreement, and a partial dissent, in this court (Matter of Ahsaf v Nyquist, 37 N.Y.2d 182, 186-187). It is now obviously time for this court to adopt *877 and adhere to a general principle capable of reasoned application in these cases.
There are said to be two conflicting considerations at work when a court annuls a penalty: on the one hand, if the court were to review the record and assess a sanction, the court would allegedly be encroaching upon the domain of the administrative agency, and exceeding the judicial function (see Matter of Ahsaf v Nyquist, supra, at p 184). At the other extreme, remission to the agency may be viewed as a "needless delay" (see Matter of Shore Haven Lounge v New York State Liq. Auth., supra, at p 191), a waste of administrative and judicial resources. However, closer analysis indicates that when a court sets aside the penalty imposed by the administrative agency and itself fixes a penalty, there is no theoretical or actual interference with the exercise of administrative discretion.
Except in those rare cases when an administrative agency might attempt to impose a penalty which is not authorized in any instance whatever, when a reviewing court upsets an administrative sanction, it does so on the ground that the penalty is an abuse of discretion (Matter of Pell v Board of Educ., 34 NY2d, supra, at pp 233-235). Implicit in such a finding is the notion that there is a range of permissible discretion, and a maximum penalty within that range which, if imposed by the agency, would be sustained on review. That being so, and given that the agency already exacted a measure of discipline beyond the permissible range, whatever that range might be under the circumstances in a particular case, it would be appropriate for the court to impose the maximum allowable penalty in those matters where the record is adequate for review. No encroachment upon administrative prerogatives would be involved, as the agency has determined in the particular circumstances that a penalty should be imposed and has made it clear that a severe penalty is in order but in fixing it has fashioned one in excess of the maximum. On this view, a remission to the agency would serve no purpose.
At the same time, if the court establishes the sanction, delay and unnecessary expenditure of vital resources can be avoided. For instance, when the matter is remitted to the administrative body, there is no reason to suppose that there has been any change in its desire to prescribe a severe penalty, and the agency therefore might well fix the next less stringent penalty than the one annulled. Upon review, a court *878 may again annul the penalty, and again remit to the administrative tribunal. This circular process would continue until the agency finally assesses the penalty which the court finds to be the maximum acceptable. The simple and sensible solution, in such instance and where the record is sufficient, is for the court to establish a proper penalty on the first round of review.
As a general practice, then, when an excessive penalty has been imposed  a penalty which constitutes an abuse of discretion  this court should refrain from remitting such a case to the administrative body, unless the record is somehow inadequate, and should instead set the maximum penalty within the permissible range of discretion. Since the Appellate Division appears to have followed that course here, I vote to affirm.
Judgment modified, with costs to the State Liquor Authority, and the matter remitted to the Appellate Division, First Department, with directions to remand to the authority for further proceedings in accordance with the opinion herein and, as so modified, affirmed.