■ In the Matter of DUNN APPRAISAL COMPANY, Appellant, v JAMES MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent Commissioner of Motor Vehicles which, after a hearing, imposed a civil penalty upon the petitioner, the appeal is from a judgment of the Supreme Court, Kings County, dated January 17, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The facts are not in dispute. The petitioner is in the business of estimating the repairs required to fix damaged motor vehicles. It conducts an appraisal when so requested by an insurance company. Some of these appraisals are conducted at independently owned auto body shops to which an

insured has brought his damaged vehicle. Others are done at the petitioner's drive-in center located at its principal place of business. In 1977, the Legislature expanded the definition of the term "motor vehicle repair shop" in subdivision 2 of section 398-b of the Vehicle and Traffic Law to include "any shop, drive-in station, or garage operated by any person, firm, corporation or association at which motor vehicles are inspected for the purposes of appraising,. evaluating or estimating the extent or value of motor vehicle damage or the necessity or cost of motor vehicle repairs" (L 1977, ch 891, § 1, eff Jan. 1, 1978). Consequently, the petitioner duly registered its drive-in station with the respondent, Commissioner of Motor Vehicles. On August 3, 1978 petitioner, on behalf of the Aetna Casualty and Surety Company, appraised the repairs needed to fix a vehicle owned by one Martin Walsh. The appraisal was conducted on the premises of the Conti-Krauss and Martin Auto Body Company, which was not owned by petitioner. The vehicle had been brought there for repairs. As a result of this appraisal petitioner was charged by the respondent with a violation of one of his regulations, namely, 15 NYCRR 82.4 (a) (10) which provides that the respondent may revoke or suspend the license of a registrant who "has knowingly issued a false or misleading estimate". After a hearing, at which petitioner objected that the respondent was without authority to regulate its "field" appraisals, petitioner was fined $200. Petitioner pursued its administrative remedies to no avail. It subsequently began this proceeding to review the determination of the respondent and to enjoin him from proceeding any further in three other cases he had brought against petitioner for unrelated field appraisals which also allegedly violated the respondent's regulations. Special Term dismissed the petition, citing, *inter alia,* 15 NYCRR 82.2 (n), which defines "drive-in stations" as including "mobile operations". Special Term concluded that the petitioner's off-premises appraisals amounted to "mobile operations" and were thus subject to regulation under the statute. We affirm upon a different rationale. The application by an agency of a statute which it is charged with administering will be upheld if not irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438). The 1977 amendment requires the registration of certain "shops" at which appraisals are conducted and thus the respondent can lawfully regulate only those "shops" coming within the statutory definition as opposed to any person conducting an appraisal business. That is, the appraisal businesses which can be regulated are those operating a "shop" which must be registered. Nowhere in article 12-A of the Vehicle and Traffic Law, however, is there any intimation that the only appraisals conducted by a registrant which are subject to regulation are those conducted on site (see Vehicle and Traffic Law, § 398-e, subd 1). Petitioner concedes that it is a registrant. Therefore, its appraisal activity in the field is properly subject to regulation by the respondent. We do not pass on the validity of 15 NYCRR 82.2 (n), as it is irrelevant to the disposition of this case; respondent has not attempted to force the petitioner to register its field operations as a "drive-in station" (see Vehicle and Traffic Law, § 398-i). Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.