■ DUNN APPRAISAL COMPANY, Petitioner, v LESLIE G. FOSCHIO, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Motor Vehicles, which, after a hearing, (1) found that petitioner had violated (a) section 398-e (subd 1, par [j]) of the Vehicle and Traffic Law and 15 NYCRR 82.4 (a) (10) by knowingly issuing a false and misleading estimate, (b) 15 NYCRR 82.5 (a), by willfully failing to provide a written estimate, and (c) section 398-e (subd 1, par [k]) of the Vehicle and Traffic Law by engaging in a course of conduct which unreasonably impeded or delayed a consumer's right to a fair recovery on an automobile property damage claim, and (2) imposed a $300 civil penalty and five-day suspension of its repair shop registration. Determination confirmed and proceeding dismissed on the merits, with costs. On this record there was substantial evidence to support the commissioner's determination as to each of the violations (see *Matter of Hannon v Cuomo,* 52 NY2d 775). Further, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222; cf. *Government Employees Ins. Co. v Commissioner of Motor Vehicles,* 94 AD2d 695). Gibbons, J. P., O'Connor, Weinstein and Brown, JJ., concur.

■ GRETEL FFRENCH, Formerly Known as GRETEL WYNTER and SYLVIA WYNTER, Appellant, v SYDNEY WYNTER, Respondent. — In an action for partition and sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Rader, J.), dated October 1, 1981, which granted defendant's motion to confirm a referee's report of sale and denied plaintiff's cross motion to disaffirm that report and to vacate the sale. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith. On the facts of this case, it was an improvident exercise of discretion to grant the defendant's motion to confirm the referee's report of sale of the property formerly owned by the parties as tenants by the entirety, and to deny the plaintiff's cross motion to disaffirm that report and to vacate the sale, without a hearing. Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.