■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Petitioner, v COMMISSIONER OF MOTOR VEHICLES et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Motor Vehicles, which, after a hearing, (1) found that petitioner had violated section 398-e (subd 1, par [k]) of the Vehicle and Traffic Law by engaging in a course of conduct which unreasonably impeded or delayed a consumer's right to a fair recovery on an automobile property damage claim, and (2) imposed a $350 civil penalty and a 30-day suspension of petitioner's repair shop registration. Petition granted to the extent that the determination is modified, on the law, by vacating the penalty. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, with costs to respondents, and the matter is remitted to the commissioner for the imposition of a new penalty, which shall in no event exceed a five-day suspension of petitioner's registration and a $350 civil penalty. The determination under review insofar as it found that petitioner had violated the Vehicle and Traffic Law is supported by substantial evidence (see *Matter of Hannon v Cuomo,* 52 NY2d 775; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,*

45 NY2d 176). The record reveals, *inter alia,* that petitioner's estimated labor rates were substantially out of line with those of other automobile body repair shops in the area. By estimating at such low rates, petitioner necessarily impeded good-faith negotiations to settle the consumer's claim. Therefore, the determination insofar as it found a violation of the statute is confirmed. As to the penalty, however, we find that insofar as it deprives petitioner of its repair shop registration for 30 days, it is so excessive as to shock one's sense of fairness, particularly when compared with penalties imposed for similar and even more egregious, willful and knowing violations of the Motor Vehicle Repair Shop Act (see *Dunn Appraisal Co. v Foschio,* 94 AD2d 695 [five-day suspension plus civil penalty]; *Liberty Mut. Ins. Co. v Melton,* 88 AD2d 585 [civil penalty]; *Matter of Dunn Appraisal Co. v Melton,* 79 AD2d 707 [civil penalty]). Accordingly, the commissioner shall reconsider and impose a new penalty which shall in no event exceed a five-day suspension of petitioner's registration and a $350 civil penalty (*Rob-Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). We have examined petitioner's other contentions and find them to be without merit. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.