■ PAGANO BEER & SODA CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated March 5, 1985, canceling the petitioner's wholesale and retail beer license and imposing a $10,000 bond forfeiture, the appeal is from a judgment of the Supreme Court, Kings County (Pizzuto, J.), dated May 10, 1985, which granted the petition to the extent of annulling the penalty imposed, and remitted the matter to the New York State Liquor Authority for reconsideration of the penalty which was not to exceed a 15-day deferred suspension and partial bond forfeiture in the amount of $2,500.

Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits.

In response to charges that it participated in or abetted a violation of Alcoholic Beverage Control Law § 107-a (3), failed to maintain adequate beer tax records in violation of the rules and regulations of the State Tax Commission, and failed to maintain adequate books and records in violation of Alcoholic Beverage Control Law § 104 (10), the petitioner entered a plea of no contest. The first charge was based upon Michael Pagano's status as an officer and shareholder of both the petitioner and Sheridan Beer Distributors, Inc., which had pleaded no contest to a charge of selling or trafficking in an unlabeled brand of beer. The remaining charges were based upon the petitioner's failure to record cash purchases and sales of beer. During the period from 1982 through February 1984, the petitioner failed to record approximately $500,000, a figure representing 40% of all its beer purchases. The New York State Liquor Authority imposed a penalty of cancellation, as

well as a $10,000 bond forfeiture *(see,* 9 NYCRR 53.1 [e]). Special Term annulled the penalty, finding that in the absence of any evidence that the petitioner's inadequate record keeping was done willfully or with intent to defraud the taxing authorities, and in consideration of the petitioner's good record, the penalty was shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). We disagree. We cannot characterize the petitioner's failure to record a substantial portion of its cash purchases as merely careless. The percentage involved, as well as the dollar value of those purchases, indicate the "likelihood" of willful deception and intent to defraud the taxing authorities *(see, Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187, 189-190). Nor are we persuaded that the petitioner's cooperation with the taxing authorities subsequent to its receipt of the New York State Liquor Authority's notice of pleadings and hearing constituted prompt intervention when the violations had continued over a period of years *(cf. Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of Eagle Open Kitchen v New York State Liq. Auth.,* 88 AD2d 508). Accordingly, we reverse and reinstate the penalty imposed by the appellant. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.