■ In the Matter of ARLENE BOTKIN, Petitioner, v BOARD OF

EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the City School District of the City of New York, dated October 17, 1984, which, after a hearing, terminated the petitioner's employment.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The petitioner, a school secretary for over 12 years, was terminated from her employment based on charges that she had shouted at various staff members and had refused to follow orders of her supervisor. The determination that the petitioner is guilty of these charges is supported by substantial evidence in the record and should not be disturbed *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Also, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness. Gibbons, J. P., Brown and Kooper, JJ., concur.

Weinstein, J., concurs in part and dissents in part and votes to grant the petition, on the law, to the extent of annulling so much of the determination as imposed the penalty of dismissal, to otherwise confirm the determination and dismiss the proceeding on the merits, and to remit the matter to the respondent for the imposition of a new penalty, with the following memorandum.

While I agree with the majority to the extent that the determination of the respondent Board, predicated upon the hearing panel's unanimous recommendation that the petitioner be found guilty of the misconduct charged and that her claims were incredible, is supported by substantial evidence, I cannot accept their finding that the penalty imposed was not disproportionate to the petitioner's misconduct. Of particular significance is the fact that the petitioner had been reassigned to a central office since her initial suspension and preference of charges with no indication that there had been any continuation of employment difficulties. While there is merit to the Board's argument that the petitioner set an example of uncivil and inappropriate behavior and that her disruptive presence diverted the energy of the staff away from educational tasks into the conciliation of disputes, the Board nevertheless committed an abuse of discretion in failing to afford greater significance to the petitioner's previous good record and her apparently satisfactory performance upon being reassigned.

To the petitioner's credit, she voluntarily requested an unpaid leave of absence upon recognizing the problem. Notwithstanding the claims of disruptive conduct which had been leveled against the petitioner, the Board declined to grant her reasonable request. While not oblivious to the fact that administrative agencies are afforded a broad range of discretion with respect to matters of internal discipline (*Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184-185), I nevertheless conclude that the penalty of dismissal was unwarranted. In view of the facts that the charges did not involve grave moral turpitude and that the petitioner had a 12-year unblemished record prior to the incidents which are the subject of the underlying charges, the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). A lesser sanction such as a six-month suspension without pay would equally serve as a deterrent and would be more suitable to the offenses involved. To this effect, one member of the hearing panel, in recommending this precise sanction, expressed the following reasoning: "This penalty would (1) impress the seriousness of the matter upon the Respondent with little likelihood of repetition; and (b) serve notice on all concerned that disruptive and unprofessional conduct will not be condoned". I would modify the determination by vacating the penalty imposed and remitting the matter to the respondent for the imposition of a new penalty.