■ In the Matter of ETHEL JENSEN, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the Office of Mental Retardation and Developmental Disabilities of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent which denied renewal of petitioner's family care home operating certificate.

Petitioner and her husband, James Jensen (hereinafter Jensen), have operated a family care home for retarded and developmentally disabled persons for 11 years in the Town of Groton, Tompkins County, pursuant to an operating certificate granted by the Office of Mental Retardation and Developmental Disabilities (OMRDD). On June 2, 1985, Jensen is alleged to have physically and psychologically abused a 14-year-old male client (hereinafter the client) at the home, as a result of which petitioner's operating certificate was temporarily suspended. Following a hearing, respondent adopted the Hearing Officer's findings that charges numbers 2 through 6 (concerning matters unrelated to the June 2, 1985 incident) were not supported by substantial evidence and were not sufficient to deny petitioner's application for renewal of her operating certificate. As to the remaining charge, number 1 (a), the Hearing Officer found that Jensen told the client that he would put his foot on his "hiney" if he did not stop bothering petitioner about dinner and that he pursued the client, straddled him, restrained him and pressured him to answer a question. The Hearing Officer concluded that this did not constitute physical or psychological abuse and did not warrant denying certificate renewal. Respondent, however, found it inconsistent to conclude that the threat and restraint did not constitute psychological and physical abuse and refused to renew petitioner's operating certificate.

Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination contending that the charge was not proven by substantial evidence, the determination was arbitrary and capricious, and the penalty imposed was an abuse of discretion.

The pertinent regulations for family care homes are set forth in 14 NYCRR part 87. "Family care providers must never allow a resident to be physically or psychologically abused" (14 NYCRR 87.8 [d] [1] [iv]; see, Mental Hygiene Law

§ 16.19 [a]). Our initial inquiry is whether respondent's characterization of the June 2, 1985 incident as physical or psychological abuse within the meaning of this regulation is supported by substantial evidence in the record. In so deciding, we first observe that it is not our function to disrupt the administrative agency's determination of the facts *(Matter of Pell v Board of Educ., 34 NY2d 222, 230).* Although the record contains conflicting versions of the June 2, 1985 incident, respondent has determined simply that Jensen threatened to kick the client, but did not actually do so; that he chased the boy, who fell; and that he stood over the client and restrained him by placing his hand on the boy's head until he admitted that Jensen had not in fact kicked him. Except for a slight bruise on the knee, apparently sustained in the fall, the client was not physically injured.

In our view, respondent could rationally determine that the foregoing incident constituted physical abuse within the meaning of the regulation.* In a matter requiring the analysis of a regulation with respect to a particular factual incident, the administrative determination must be respected unless irrational *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 597; Matter of Johnson v Joy, 48 NY2d 689; Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Standard Mfg. Co. v Tax Commn., 114 AD2d 138, 141, affd 69 NY2d 635, appeal dismissed — US —, 107 S Ct 2172).* Respondent is statutorily charged with ensuring that the mentally retarded and developmentally disabled citizens of this State receive appropriate care (Mental Hygiene Law §§ 16.00, 16.19), and considering the nature of the subject incident, in which the client was threatened and physically restrained, the assessment of psychological and physical abuse finds a substantial basis in the record.

We reach a different conclusion with respect to the penalty imposed. The test for whether a penalty is excessive is " 'if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ., 34 NY2d 222, 233, supra,* quoting *Matter of Stolz v Board of Regents, 4 AD2d 361, 364).* We fully recognize that before renewing a home operating certificate, respondent

---

* We observe that subsequent to the incident in question, respondent promulgated definitions for the relevant terms, physical and psychological abuse *(see,* 14 NYCRR 624.4 [b] [1], [3], eff Dec. 6, 1985; *see also,* L 1986, ch 719). These definitions, however, do not pertain here.

must be satisfied as to, *inter alia,* "the adequacy of the * * * personnel" (Mental Hygiene Law § 16.05 [d] [2]). Here, however, respondent refused to renew petitioner's operating certificate observing that "[o]nce abuse has been found it is unnecessary to distinguish the extent of such abuse or the frequency thereof". In our view, respondent abused his discretion in refusing to consider the nature of the underlying incident. For a penalty to be proportionate to the offense, the nature of the offense must be given due consideration. In our view, the June 2, 1985 incident was not so egregious as to warrant the outright denial of petitioner's renewal request. Moreover, there is ample basis in this record, including praise from OMRDD, the client's parents and the parents of the other OMRDD clients in petitioner's care, attesting to the good moral character of petitioner and her husband. Considering their 11-year track record and the nature of the June 2, 1985 incident, we find that respondent's refusal to recertify petitioner constitutes an excessive and disproportionate penalty. We do not, however, deem it appropriate for this court to fashion a substitute or replacement penalty and, thus, we remit this matter to respondent for reconsideration of the penalty to be imposed *(see, Matter of Ahsaf v Nyquist,* 37 NY2d 182, 186).

Determination modified, without costs, by annulling so much thereof as refused to renew petitioner's operating certificate; matter remitted to respondent for further proceedings not inconsistent herewith; and as so modified, confirmed. Weiss, Yesawich, Jr., and Harvey, JJ., concur.

Casey, J. P., and Mikoll, J., dissent in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent since we do not find substantial evidence in the record to support the finding that Jensen or petitioner were guilty of physical or psychological abuse.

In this matter, respondent adopted the Hearing Officer's findings of fact but arrived at a different conclusion. Respondent found as follows: first, Jensen told the client that he would "put his foot on [the client's] hiney if [the client] did not stop bothering [petitioner] about dinner"; second, Jensen "pursued [the client], straddled and restrained [the client] after he fell, and pressured him to answer a question"; and third, "in his haste to avoid Mr. Jensen, [the client] fell to the ground". Based on these findings respondent found psychological and physical abuse in violation of Mental Hygiene Law § 16.19 (a) and 14 NYCRR 87.8 (d) (1) (iv).

Although this court will not substitute its judgment for that

of the administrative agency *(see, Matter of Ahsaf v Nyquist,* 37 NY2d 182) and may not set aside an administrative determination simply because there is conflicting evidence *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), in discharging its judicial function this court must decide whether, on the entire record, the decision is based on substantial evidence *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 180).

The issue here is whether physical and psychological abuse was made out by substantial evidence. We submit that it has not. Nowhere in the testimony adduced at the hearing was it established that the client was injured, hurt or damaged by the acts of Jensen. In attempting to get the client to answer a question, Jensen merely restrained him temporarily until the client answered the question. The force used was entirely consistent with what was necessary to get the client's attention. The client told his father and petitioner that Jensen did not hurt him. The physical restraint employed was reasonable and, in any event, so minimal and insignificant that it cannot reasonably be denominated physical abuse.

There was also no proof of psychological abuse. An important aspect of psychological abuse is the presence of other clients who witness the victim being scorned, ridiculed, humiliated, dehumanized or otherwise socially stigmatized *(see,* 14 NYCRR 624.4 [b] [3]).* No other clients were present when the event took place. The entire incident involved a period of short restraint during which the client was asked whether he had been kicked or hurt. Neither the duration nor the surrounding circumstances permit the conclusion that the incident constituted psychological abuse. The determination should therefore be annulled in its entirety and petitioner's application for renewal of her operating certificate granted.

---

* This rule was promulgated subsequent to the event but helpful in an evaluation of whether psychological abuse occurred.