■ In the Matter of RONALD ROBERTI, Petitioner, v JOHN J. MAFFUCCI, as Commissioner of the Westchester County Department of Correction, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Commissioner of Correction, dated June 25, 1986, which, after a hearing, terminated the petitioner's employment as a correction officer.

Adjudged that the determination is confirmed and the pro-

ceeding is dismissed on the merits, without costs or disbursements.

The determination of the Westchester County Commissioner of Correction, which adopted the detailed and well-reasoned findings of a Hearing Officer, reached after a hearing which was fairly conducted, that the petitioner engaged in the unauthorized procurement and sale of reproduced shields of the Westchester County Department of Correction to fellow officers in contravention of Department policy, that he thereby jeopardized the security of the Department, and was further derelict in his duties in engaging in business unrelated to his responsibilities while on duty, was supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179).

The petitioner was the subject of a disciplinary proceeding in 1983 in which he was found guilty of misconduct relating to his business activities, and was found guilty, in this proceeding, of violating a stated policy, the enunciated purpose of which was to "protect the integrity and security of the Department's employee identification system and prevent * * * possible misuse [of the shields] by persons outside the Department". The order setting forth this policy warned that "any unauthorized reproduction of I.D. shields * * * may result in disciplinary action, which shall include forfeiture of employment" (emphasis added). Thus, we do not view the penalty of dismissal as disproportionate to the offense (see, Matter of Ahsaf v Nyquist, 37 NY2d 182; Matter of Pell v Board of Educ., 34 NY2d 222). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.