■ In the Matter of HRISOSTOMOS ORKOPOULOS, Petitioner, v ROSS SANDLER, as Transportation Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Transportation Commissioner, dated October 26, 1988, which dismissed petitioner from his position as a tow operator, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Juanita Bing Newton, J., entered on or about Apr. 28, 1989) dismissed and the determination confirmed, without costs or disbursements.

At the outset of the disciplinary hearing, petitioner pleaded

guilty to five specifications involving two of the charges. After the hearing, petitioner was found guilty of five other charges and nine specifications relating to his violation of agency procedures established to protect the cars and visible valuable property in the cars which are towed by the city to the pound. Evidence presented at the hearing included vouchers which had been filled out improperly, videotapes of the petitioner and statements of various inspectors and fellow employees. The Administrative Law Judge (ALJ) determined that petitioner's actions were not merely negligent but purposeful, and recommended termination of the employee, which the Commissioner of the Department of Transportation (DOT) adopted.

Petitioner urges that the findings of guilt as to the various charges were not based on substantial evidence, and that in any event, the penalty imposed was excessive.

Substantial evidence is defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180.) The substantial evidence test requires less than a preponderance of the evidence. *(Supra.)* At the hearing before the ALJ, the petitioner did not testify or present any witnesses, although he was represented by counsel. Thus, as indicated *supra,* the determination of the ALJ was supported by substantial evidence.

Petitioner asserts that the termination of his employment was shocking and excessive. However, agency officials responsible for internal discipline have broad discretion in determining the severity of the penalty under the particular circumstances. *(Matter of Ahsaf v Nyquist,* 37 NY2d 182.) The DOT's dismissal of this petitioner from his position based on the substantial evidence presented at the hearing was neither shocking nor excessive. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.