■ In the Matter of JOSEPH COPPOLA, Petitioner, v STEVEN M. POLAN, as Sanitation Commissioner of the City of New York, et al., Respondents.—Determination of respondent Commissioner, dated June 21, 1990, which, after a hearing, dismissed petitioner from the New York City Department of Sanitation, is unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Stanley Sklar, J.], entered January 4, 1991) is dismissed, without costs.

Petitioner was found to have engaged in illegal dumping activities while employed at a private landfill during his off-duty hours. The Administrative Law Judge, finding petitioner's hearing testimony to be "evasive and incredible" and that he was aware or should have been aware of the illegal nature of the dumping activities at the site, determined that he was guilty of the charges preferred against him, a determination

we find to be supported by substantial evidence. *(See, Matter of Berenhaus v Ward,* 70 NY2d 436, 443.) The charges brought under the Department's Code of Conduct were applicable to petitioner's off-duty conduct since a municipality may discipline its employees for actions occurring off-duty and off its premises *(see, Villanueva v Simpson,* 69 NY2d 1034, 1035). Since the Department's issuance of an operation permit to the waste disposal firm was a substantial business dealing between them, petitioner's employment at the landfill violated conflict of interest provisions of the New York City Charter.

In light of the adverse environmental impact of petitioner's participation in the illegal dumping activities at the landfill, and the conflict between such activities and petitioner's obligation as an employee of respondent to see to the proper disposal of waste, the penalty of dismissal should not be disturbed *(see, Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184-185). Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.