■ In the Matter of EDDIE COPELIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination

of the respondent New York City Transit Authority, effective October 26, 1988, which, after a hearing, terminated the petitioner's employment, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Bernstein, J.), dated November 2, 1989, as dismissed that branch of the petition which was for reinstatement of his employment.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In 1970, the petitioner began his employment as a railroad porter for the New York City Transit Authority. During the ensuing years through 1985, the petitioner's disciplinary record discloses that he received 87 cautions, four suspensions and two "final warnings". Based upon events occurring on June 24, 1985, the New York City Transit Authority brought the instant charges against the petitioner, which resulted in the termination of his employment. The petitioner commenced the instant proceeding and the Supreme Court, in the judgment appealed from, confirmed the penalty. We affirm.

The appropriate standard of review is whether the penalty imposed is shockingly unfair *(see, Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184). "[R]espect and weight are to be accorded the determination made by the agency charged with responsibility for fixing the penalty or discipline because of the special capability, competence and experience of that agency and in consequence of the confidence in it implicit in the legislative grant of authority and responsibility to it" *(Matter of Ahsaf v Nyquist, supra,* at 184; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Further, "[i]n the determination of an appropriate sanction for a proved present act of misconduct an employee's past history contained in the departmental file, including both material which is commendatory and that which reflects unfavorably on the employee, is relevant and appropriately taken into account" *(Matter of Bigelow v Board of Trustees,* 63 NY2d 470, 474). Considering the petitioner's history of misconduct, resulting in two "final warnings", it cannot be said that the penalty of termination from employment was shockingly unfair *(see, Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948; *Matter of Bal v Murphy,* 43 NY2d 762).

We have considered the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.