■ In the Matter of YONKERS NISSAN, INC., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated November 3, 1989, affirming a determination of that agency dated May 23, 1989, which, after a hearing, suspended the petitioner's new and used vehicle registration for 15 days and imposed a civil penalty of $1,600.

Adjudged that the petition is granted to the extent that the determination is modified, on the law, by vacating the penalty; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits, with costs to the respondent, and the matter is remitted to the respondent for the imposition of a new penalty which shall in no event exceed a five-day suspension of the petitioner's new and used vehicle registration and a $1,600 civil penalty.

The determination under review, insofar as it sustained the 10 charges listed in the respondent's notice of hearing dated March 27, 1989, is supported by substantial evidence *(see, Matter of Hannon v Cuomo,* 52 NY2d 775; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). We find,

however, that the penalty imposed is disproportionate to the offense. The charges all stem from a single transaction in which the petitioner sold a customer a 1981 Datsun automobile in admittedly poor condition, committing numerous violations of the respondent's regulations in the process. An investigation and hearing revealed additional problems with the petitioner's record-keeping concerning this vehicle. Nevertheless, none of the violations evinces behavior justifying the penalty imposed, which in this particular case threatens the existence of the business itself *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-235; *Crystal Oldsmobile v Foschio,* 99 AD2d 462; *Government Empl. Ins. Co. v Commissioner of Motor Vehicles,* 94 AD2d 695; *cf., Dunn Appraisal Co. v Foschio,* 94 AD2d 695). We also note that the petitioner voluntarily refunded the customer's purchase price in full, including moneys expended in a repair effort, notwithstanding the customer's acknowledgement that he knew the car was being sold "as is". Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.