■ In the Matter of 62ND & 1ST LLC, Doing Business as CIGAR LOUNGE MERCHANTS NY, Respondent, v NEW YORK CITY et al., Appellants. [857 NYS2d 52]—

Petitioner's nominal predecessor, 1125 First LLC, began operating a cigar bar in 1997, on the lower level of premises where, several months earlier, it had begun operation of a restaurant on the upper level. In December 2001, ostensibly for estate planning purposes, 1125 First LLC became petitioner 62nd & 1st LLC. The officers and members remained the same, as did the percentages of their membership interests. In 2003,

following amendment of the New York City Smoke-Free Air Act (Administrative Code of City of NY, tit 17, ch 5) and the promulgation of rules for implementing the provisions thereof (Rules of City of NY Dept of Health and Mental Hygiene [24 RCNY] § 10-01 *et seq.*), petitioner sought to register with respondent as a grandfathered "tobacco bar" exempt from the ban on smoking in enclosed areas within public places (*see* Administrative Code § 17-503 [a] [20]; 24 RCNY 10-07). Tobacco bar is defined as: "a bar that, in the calendar year ending December 31, 2001, generated ten percent or more of its total annual gross income from the on-site sale of tobacco products and the rental of on-site humidors, not including any sales from vending machines, and is registered with the department of health and mental hygiene in accordance with the rules of such agency. Such registration shall remain in effect for one year and shall be renewable only if: (i) in the preceding calendar year, the previously registered tobacco bar generated ten percent or more of its total annual gross income from the on-site sale of tobacco products and the rental of on-site humidors; and (ii) the tobacco bar has not expanded its size or changed its location from its size or location as of December 31, 2001" (Administrative Code § 17-502 [jj]).

Respondent denied petitioner's application on the ground, inter alia, that the change in ownership caused the automatic revocation of petitioner's food service establishment (FSE) permit (*see* 24 RCNY 5.11) and that therefore petitioner had not shown, as required, that it operated a tobacco bar pursuant to an FSE permit "since the calendar year ending December 31, 2001" (24 RCNY 10-07 [a]). However, there is no question that the current owners are precisely the same as the former owners, no suggestion that petitioner intended to violate the FSE permit requirement, and no evidence of prejudice to the public interest. In these circumstances, the penalty imposed by respondent is wholly disproportionate to the offense and constitutes an abuse of discretion (*see Matter of Shore Haven Lounge v New York State Liq. Auth.*, 37 NY2d 187, 190-191 [1975]; *Matter of Circus Disco v New York State Liq. Auth.*, 51 NY2d 24, 32-33 [1980]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-234 [1974]).

Respondent denied the application on the additional ground that petitioner failed to include the upper-level restaurant in its calculation of gross sales from tobacco, despite the restaurant's and cigar bar's single owner, single premises, single FSE permit, single entrance through which patrons could proceed to either

the upper or lower level, and single tax returns filed in 2001 and 2002. This determination was arbitrary and capricious. Respondent denied petitioner's application for a new FSE permit without explanation, thus allowing only one permit for both the restaurant and the cigar bar. More importantly, respondent does not deny that it has issued single permits to owners of separate businesses. Nor does it deny that separate businesses owned by a single owner, even at different locations, may file consolidated tax returns. The factors proved by petitioner, that the restaurant and cigar bar began operations at different times and maintained separate records, separate menus, separate hours, separate restroom facilities, separate ventilation systems and, most importantly, separate liquor licenses, outweigh the factors of single ownership and a consolidated tax return.

None of respondent's remaining reasons for denying petitioner's application justified the drastic penalty of shutting down petitioner's business. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ. [*See* 16 Misc 3d 1103(A), 2007 NY Slip Op 51236(U).]