■ In the Matter of JAMES J. GIANNELLI, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Proceeding, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered September 30, 1988, to review a determination of the respondent New York City Police Department, dated on or about December 22, 1987 which dismissed petitioner from his position as a police sergeant, is unanimously confirmed and the petition is dismissed, without costs.

In reviewing the record we find that there was substantial evidence to support the Commissioner's determination that petitioner had (1) failed to comply with an order of Lieutenant Farrell to submit to a drug test, (2) failed to safeguard department property, (3) wrongfully presented a bogus New York City Police Department sergeant's shield to Sergeant Edward Delattore, which shield was wrongfully in his possession, and (4) knowingly and wrongfully associated with a known criminal, Edward Fabiani, at numerous times during the period 1976 to present. *(See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176 [1978].)

We further find that the order that petitioner submit to a drug test was supported by reasonable suspicion as found in the record. Additionally, the sanction imposed was not so

disproportionate to the offenses as to be shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974].) Much deference is to be accorded the agency's determination regarding the penalty imposed. *(Matter of Ahsaf v Nyquist,* 37 NY2d 182 [1975].)* Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.