■ In the Matter of ROBERT M. GAUL, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of respondent Police Commissioner dated June 28, 1988, which dismissed petitioner from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Burton S. Sherman, J., entered on or about Feb. 15, 1989), is unanimously dismissed, without costs and without disbursements.

At the departmental trial, Nassau County narcotics officers testified they observed petitioner, on the night of January 14, 1988, receive a clear plastic vial from a known drug dealer, shake hands with that individual, place the vial in his right-hand coat pocket, enter his car, and leave the scene by making a U-turn across three lanes of traffic. Petitioner was stopped and a vial containing a crystalline type of substance was removed from his right-hand coat pocket. He was placed under arrest for possession of a controlled substance. Thereafter, petitioner identified himself as a New York City police officer and stated, "This is going to mean my job". Nassau County police advised New York City Police Department of the arrest. A New York City Police Department captain came to the Nassau County precinct house where petitioner was detained, interviewed the arresting officers, and from petitioner learned petitioner's identification card and shield were at home. The captain found petitioner to be very distant, disoriented, and slow in responding to his questions. Based on these circumstances, the captain recommended to a New York City Police Department deputy chief that petitioner be directed to undergo urinalysis; the deputy chief authorized such test. The captain testified that after petitioner was issued a

desk appearance ticket by Nassau County police and immediately after being released from Nassau County custody, he issued the urinalysis directive to petitioner, with the caution that refusal to take the test would result in suspension. Petitioner refused to undergo urinalysis, even though warned a second time of the consequences thereof. Subsequent chemical analysis of the vial recovered from petitioner revealed it contained soap powder. The Deputy Trial Commissioner sustained specifications of wrongfully attempting to purchase crack cocaine while off duty and refusing to submit to urinalysis pursuant to the captain's directive, and recommended petitioner's dismissal from the force.

Respondents' determination was supported by substantial evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Berenhaus v Ward,* 70 NY2d 436, 443). The court will not substitute its judgment as to the weight of the evidence for that of the Hearing Officer. The directive to petitioner to submit to urinalysis was valid as it was based upon reasonable suspicion that the employee was using or under the influence of drugs or alcohol *(Matter of Giannelli v Ward,* 156 AD2d 136; *Matter of Shepard v Ward,* 155 AD2d 292). In these circumstances, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one's sense of fairness *(supra; Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.