Joann BURNS, Appellant,

v.

The BOARD OF NURSING OF the STATE OF IOWA, Appellee.

No. 93–1868.

Supreme Court of Iowa.

March 29, 1995.

John C. Barrett, Roger J. Kuhle and John Haraldson of the Law Office of Roger Kuhle, West Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Maureen McGuire, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This judicial review proceeding involves a licensed nurse's challenge to discipline imposed on her by the nursing board. The board found the nurse habitually intoxicated, in violation of Iowa Code section 147.55(4) (1989), and placed her license on probation for three years. The board attached several stringent conditions to the probation. On remand from *Burns v. Board of Nursing,* 495 N.W.2d 698 (Iowa 1993) (hereinafter *Burns I*), the district court determined the nurse's constitutional challenge to section 147.55(4) was precluded, but reversed some of the terms of the probation. The nurse appeals and the board cross-appeals. We affirm the court's decision on the constitutional validity of the statute, but reverse its decision that modified the board's conditions of probation.

I. *Background.*

The relevant facts to this proceeding are set out in *Burns I,* 495 N.W.2d at 699–700. We will not repeat the facts except as they are necessary to our decision in this appeal.

Petitioner Joann Burns is a registered nurse with several years' experience in the nursing profession. In June 1990 the Iowa Board of Nursing (board) filed charges against Burns accusing her of habitual intoxication in violation of Iowa Code section 147.55(4). In September 1990 she filed a petition for declaratory judgment and temporary and permanent injunction against the members of the board alleging the board's action was a deprivation of her constitutional rights. The petition for declaratory judgment is separate from this judicial review proceeding.

In November 1990 the board determined Burns was habitually intoxicated as charged and placed her nursing license on probation. One of the conditions attached to the probation was that she receive inpatient treatment

for her alcohol problem followed by aftercare treatment. Other terms of the probation included that she attend Alcoholics Anonymous, submit to random blood or urine testing, and undergo a medical/psychiatric examination at her own expense within three months of the end of the probation. Burns sought judicial review of the board's action in district court. The court reversed, finding there was not substantial evidence to support the charges. The board appealed to this court. Finding there was sufficient evidence to support the board's finding of habitual intoxication, we reversed and remanded. *Burns I*, 495 N.W.2d at 701.

Before we announced our decision in *Burns I*, a different district court judge denied Burns' petition for declaratory judgment. Burns also appealed that decision to this court. In *Burns v. Matzen*, No. 93–100, slip op., 520 N.W.2d 631 (Iowa April 20, 1994) (per curiam, unpublished) (hereinafter *Burns II*), we rejected her claims that the statute was unconstitutionally vague on its face or as applied, an unconstitutional delegation of power to the board, and an ex post facto law.

In the judicial review proceeding, on remand from our decision in *Burns I*, the district court determined Burns' constitutional claims were precluded by the decision in the declaratory judgment action. The court found there was no evidence in the record to show that involuntary inpatient treatment is an appropriate and reasonably proportionate rehabilitation program for Burns. The court concluded the board's imposition of inpatient treatment and aftercare as a term of probation was an abuse of discretion, arbitrary and capricious, and not supported by substantial evidence in the record. The district court remanded the case to the board for a determination of an appropriate and reasonably proportionate rehabilitation program. Burns appeals and the board cross-appeals.

## II. *Scope of Review.*

■ Our review of agency action is severely circumscribed. *Burns I*, 495 N.W.2d at 699. As a result, the court may reverse, modify, or grant other appropriate relief only if agency action is affected by error of law, is unsupported by substantial evidence in the record, or is characterized by abuse of discretion. Iowa Code § 17A.19(8).

## III. *Preclusion.*

■ On appeal, Burns challenges the constitutionality of section 147.55(4). She does not address whether the court erred in determining her constitutional claims were precluded. She therefore waives error on this issue. Iowa R.App.P. 14(a)(3). She raised and lost the same constitutional issues in *Burns II*. Our decision in *Burns II* was our final decision on the constitutional issues. Issue preclusion prevents parties from relitigating issues which have already been raised and decided. *See Bascom v. Jos. Schlitz Brewing Co.*, 395 N.W.2d 879, 881 (Iowa 1986).

## IV. *Terms of Probation.*

■ A professional licensing board's authority to impose sanctions against those it licenses is extremely broad. *See Board of Dental Examiners v. Hufford*, 461 N.W.2d 194, 202 (Iowa 1990). The purpose of statutory licensing schemes is to protect the public health, safety and welfare of the people of Iowa. *Id.; see also Burns I*, 495 N.W.2d at 700. We therefore construe licensing statutes liberally to carry out that purpose. *See Hufford*, 461 N.W.2d at 202.

■ The gist of Burns' assertion that the board abused its discretion in imposing conditions on her probation is that there is not enough evidence that she has a drinking problem to justify requiring her to receive treatment. We determined in *Burns I* that substantial evidence supports the board's finding of habitual intoxication. *Burns I*, 495 N.W.2d at 701. She also attempts to reargue her constitutional claims by asserting section 147.55(4) is too vague to provide guidelines for determining appropriate sanctions. Our decision in *Burns II* determined the statute's constitutional validity.

■ We cannot find the board abused its discretion in requiring Burns to undergo inpatient treatment or in ordering any of the other conditions of her probation. An abuse of discretion is synonymous with unreasonableness. *Frank v. Iowa Dep't of Transp.,*

386 N.W.2d 86, 87 (Iowa 1986). Unreasonableness is defined as "action in the face of evidence as to which there is no room for a difference of opinion among reasonable minds or not based on substantial evidence." *Id.* (citation omitted).

 There is ample evidence that Burns has an alcohol problem. *See Burns I*, 495 N.W.2d at 699–700. As a health care provider, Burns' problem with alcohol poses a serious concern for public health and safety. *See id.* at 701. The board shoulders the responsibility of protecting the public interests when it regulates professional nursing services. *Id.* at 700. When the licensing board is made up of members of the profession they are licensing, the court should not second guess the board's discretion to determine what conditions should be attached to probation. *Cf. Meads v. Iowa Dep't of Social Servs.*, 366 N.W.2d 555, 561 (Iowa 1985) (in fashioning remedies, courts should defer to agency expertise rather than declare rights of the parties in the first instance). The authority to set terms of probation is subsumed in the board's broad authority to suspend or revoke a nursing license. *See Hufford*, 461 N.W.2d at 202. There is no need to make specific findings to support the conditions of probation. *Id.*

 Other jurisdictions also give great deference to a licensing authority's discipline of the professionals it licenses. *See, e.g., Massa v. Department of Registration & Educ.*, 116 Ill.2d 376, 385, 107 Ill.Dec. 661, 666, 507 N.E.2d 814, 819 (1987) (court defers to agency sanctions unless they are "against the manifest weight of the evidence."); *Ahsaf v. Nyquist*, 37 N.Y.2d 182, 184, 371 N.Y.S.2d 705, 707, 332 N.E.2d 880, 881 (1975) (licensing body has authority to punish licensees unless the measures are "shockingly unfair"); *Yurick v. Commonwealth*, 43 Pa.Commw. 248, 252, 402 A.2d 290, 292 (Commw.Ct.1979) (court will not substitute its own judgment if the penalty is reasonable). In light of the public health and safety concerns posed by a nurse with an alcohol problem, the board's imposition of stringent terms of probation designed to assure the health and safety of both nurse Burns and the public was not unreasonable.

The district court's decision that Burns' constitutional claim was precluded by the decision in the declaratory judgment action is affirmed, but its decision that the board abused its discretion by imposing inpatient treatment and aftercare as a condition of her probation is reversed.

**AFFIRMED IN PART AND REVERSED IN PART.**