■ GEORGE STATHAROS, Petitioner, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent. [703 NYS2d 461] —Determination of respondent Taxi and Limousine Commission dated April 23, 1998, revoking petitioner's license to own taxicab medallions, directing petitioner to divest himself of medallions and interests in corporations owning medallions, and fining petitioner $37,500, unanimously modified, on the law, to annul the fine and remand to respondent for reconsideration thereof, the petition otherwise denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Beatrice Shainswit, J.], entered January 7, 1999), otherwise disposed of

by confirming the remainder of the determination, without costs.

No basis exists to disturb respondent's finding, largely one of witness credibility, that petitioner bribed two inspectors to have a medallion taxicab pass inspection (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Nor does the four-year delay between the misconduct charged and the commencement of the license revocation proceeding provide a basis for annulling the determination, absent a showing of prejudice (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177-178, 180-181). The penalty of divestment of medallions and of interests in corporations owning medallions does not shock our sense of fairness, taking into consideration not just the harm actually caused by these bribes, but the moral turpitude involved and the deterrent effect of a substantial penalty (*see, Schaubman v Blum*, 49 NY2d 375, 379). Concerning the fines, respondent concedes that those imposed against the corporations owned partially by petitioner are improper, leaving in issue only those imposed against the four medallions held by the two corporations owned wholly by petitioner. Since those two corporations were found innocent of all charges of wrongdoing, and petitioner himself was never charged with violations of owners rules, only drivers rules, it follows that the fines in issue were improperly based on misconduct of which petitioner was not charged and as to which he was not given a reasonable opportunity to respond (*see, Matter of Ahsaf v Nyquist*, 37 NY2d 182, 185-186). Accordingly, the matter is remanded to respondent for imposition of a fine for the two bribes of which petitioner was found guilty, in accordance with the drivers rules in effect at the time petitioner was charged (*see, supra*, at 186). Concur—Williams, J. P., Tom, Saxe, Buckley and Friedman, JJ.