**Kenneth Charles FENTON, Petitioner–Appellee,**

v.

**Tammie WEBB, Respondent–Appellant.**

**No. 04–1138.**

Court of Appeals of Iowa.

Aug. 17, 2005.

Alexander Rhoads of Babich, Goldman, Cashatt & Renzo, P.C., Des Moines, for appellant.

Theodore Sporer of Sporer & Ilic, P.C., Des Moines, for appellee.

Considered by SACKETT, C.J., and MAHAN and ZIMMER, JJ.

SACKETT, C.J.

Appellant Tammie Haas and appellee Kenneth Fenton are the parents of Rachel, who was born in February of 1990. Tammie assumed Rachel's care after her birth. In 2003, Kenneth petitioned for primary physical care. In the course of the litigation, Tammie failed to comply with certain discovery requests and the district court found her in default and determined Kenneth should be Rachel's primary physical custodian. Tammie challenges the finding of default and the custodial award on several grounds. We affirm the finding of default. We reverse the custodial award and remand to the district court to receive such evidence as is necessary to determine what is in Rachel's interest. Affirmed in part, reversed in part, and remanded.

*I. Background Facts and Proceedings.* Tammie and Kenneth were never married. At the time of Rachel's conception, both parties lived in Florida. Tammie still resides in Florida while Kenneth now lives in Iowa. Tammie has never lived in Iowa.

Since Rachel's birth, Tammie and Kenneth have had little contact. In January of 1996, the Florida circuit court entered an order establishing Kenneth as Rachel's legal father and entered an order requiring that he pay child support for Rachel. In December of 2002, Rachel was experiencing problems and Tammie and Kenneth agreed that Rachel should move to Iowa to live with Kenneth. Rachel enrolled in an Iowa school. Rachel returned to Florida in July 2003. In August 2003, Rachel was sent back to Iowa. Kenneth refused to return Rachel to Florida.

On October 13, 2003, Kenneth filed a petition contending Rachel had resided in Iowa for more than six months, and requesting she be placed in the parties' joint legal custody and he be granted primary physical care. On October 17, he filed a motion for a temporary restraining order and/or a temporary custodial order. He indicated he was not aware of Tammie's address and that he had concern she would remove Rachel from his care. On December 17, 2003, Tammy, through Iowa counsel, filed a motion to dismiss the action and the temporary restraining order contending Iowa was not Rachel's home state and the Iowa court lacked personal jurisdiction over her and her appearance was made pursuant to the Iowa Rules of Civil Procedure and Iowa Code section 598B.109 (2003) and was not a consent to the jurisdiction of the Iowa court.

The district court stayed all further proceedings until jurisdiction could be determined pursuant to chapter 598B (2003). On December 30, 2003, Tammie filed in this action an application for writ of habeas corpus contending the January 16, 1996 Florida order establishing Kenneth's paternity and ordering him to pay support placed physical care and custody of Rachel with her and that Kenneth was unlawfully restraining the child.[1] The writ was granted and the district court quashed the temporary restraining order. Kenneth filed an application for an interlocutory appeal with the Iowa Supreme Court. The court denied the application. Rachel then returned to Florida.

On January 16, 2004, the Iowa district court conferred with the Circuit Court in Lee County, Florida, on the issue of juris-diction. One week later, the Iowa court found it had jurisdiction to determine the issue of Rachel's custody. In a February 27 order addressing Rachel's temporary physical care and visitation, the district court granted Tammie physical care of Rachel until June 1, 2004. Kenneth was then to be granted physical care. Kenneth was also granted one week of visitation with Rachel in March 2004. The court further ordered a custody evaluation be performed and set trial for July 27, 2004.

Kenneth served Tammie with discovery requests on February 4, 2004. On April 12, 2004, Kenneth filed a motion to compel Tammie to respond to discovery. The court granted the motion on May 18, 2004, ordered Tammie to respond within fourteen days, and assessed Tammie $300 in attorney fees. The order provided that further sanctions, including the entry of a default judgment, would be assessed if Tammie was not in compliance with the May 18 order. On June 8, 2004, Kenneth filed a motion for discovery sanctions contending Tammie had not responded to his discovery requests in the fourteen days allowed in the May 18 order, nor did she pay the $300 in attorney fees. He requested a hearing and asked that Tammie's answer be stricken, he be awarded attorney fees incurred in attempting to obtain discovery responses, that the court order Tammie to return Rachel to Iowa within ten days, and that the attorney fees be paid within ten days. On June 8, 2004, the court ordered Kenneth's motion for discovery sanctions to come on for hearing on June 15, 2004. The matter came on for hearing on that date. Kenneth appeared through counsel and Tammie's counsel ap-

---

1. Though the Florida order made no provision for custody, Florida Statute 742.031(2) (1996) provides in relevant part:

If a judgment of paternity contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting primary residential care and custody to the other parent without prejudice. If a paternity judgment contains no such provisions, custody shall be presumed to be with the mother.

peared telephonically. No written resistance was filed. Following the hearing, the court found Tammie failed to follow the court's order of May 18, which required responses to outstanding discovery requests by June 1, and Tammie failed to provide any justifiable excuse for her failure to comply. That court further found Tammie had failed to provide Kenneth with visitation by June 1, 2004 as previously ordered. The court then ordered that Tammie should appear on June 22, 2004 with Rachel and provide complete responses, without objection, exception, or omission, to all outstanding discovery requests. The court further ordered that a default would be entered if Tammie failed to appear or comply with discovery and bring Rachel to Iowa. The court assessed an additional $480 in attorney fees against Tammie as a sanction. On June 15, 2004, the court ordered Tammie and Rachel to appear personally on June 22, pay all attorney fees ordered to date, and to provide complete discovery responses.

Tammie failed to personally appear on June 22, 2004. The district court held a hearing and filed an order for default and custody transfer. The court noted its June 15, 2004 order directed Tammie (1) to appear with Rachel, (2) to pay $1,100 in previously ordered attorney fees or show cause why she could not pay, and (3) to produce full and complete responses to outstanding discovery requests without exception. The court found Tammie did not appear individually or with Rachel, though the court was advised Rachel was in route to Iowa. The court found that while Tammie had produced discovery responses, they were not complete and omitted certain financial records and cellular telephone bills that Kenneth's counsel indicated were important to the case. The court noted Tammie had been represented by counsel throughout the proceedings, that it did not appear Tammie's noncompliance with May 18 and June 15 orders was the

product of misunderstanding, compliance with the provision of the June 15 order was within her ability to control, and that her noncompliance was willful and done with the knowledge the sanction of default could result. The court struck Tammie's answer and entered default against Tammie. The court then ordered Rachel be placed in the parties' joint legal custody and in Kenneth's primary physical care subject to her yet to be determined rights of visitation. The court further determined that the matter should proceed to trial on July 27 on issues of visitation, support, and attorney fees, custody having been adjudicated.

Tammie first contends the court erred in issuing a default child custody judgment as a discovery sanction because in doing so it did not consider the interests of Rachel.

To address this issue we need to consider two questions. The first question is whether the district court abused its discretion in finding Tammie in default and striking her answer. The second question is whether it was appropriate for the district court to make a determination of custody without evidence the determination made was in the child's interest.

 The district court did not abuse its discretion in finding Tammie in default and striking her answer as a discovery sanction pursuant to Iowa Rule of Civil Procedure 1.517(2)(b)(3). A district court's order imposing discovery sanctions will not be disturbed unless the court abused its discretion. *In re Marriage of Williams,* 595 N.W.2d 126, 129 (Iowa 1999); *Troendle v. Hanson,* 570 N.W.2d 753, 755 (Iowa 1997). An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds. *Williams,* 595 N.W.2d at 129. "Because the sanctions of dismissal and default judgment preclude a trial on the merits, the range of the trial court's discretion to impose such sanctions is narrow." *Id.* In order to justify the

sanction of default, a party's noncompliance with a court's discovery orders must be the result of willfulness, fault, or bad faith. *Id.* The entry of default judgments has been affirmed where a dilatory party has failed to provide discovery responses. *Id.* at 130; *Aquadrill, Inc. v. Environmental Compliance Consulting Servs., Inc.*, 558 N.W.2d 391, 396 (Iowa 1997); *Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 360 (Iowa 1975).

Tammie's response to Kenneth's discovery requests was due March 4, 2004. Kenneth granted her an extension of time to answer, which she still failed to do. Tammie was then ordered on May 18 to make "full and complete" responses within fourteen days. In that order, the court warned that "further sanctions, including entry of default judgment" would be forthcoming in the event of noncompliance. Tammie did not comply with this order. On June 15, the court granted Tammie "one last opportunity" to comply. It ordered Tammie to personally appear with Rachel on June 22, and to make "complete and full responses, without objection, exception or omission, to all outstanding discovery." Tammie did not appear as required, and did not provide full discovery responses. Given Tammie's willful noncompliance with the court's orders, a finding she was in default and striking her answer was an appropriate sanction. *See In re Marriage of Williams*, 595 N.W.2d 126, 130 (Iowa 1999) (holding entry of default judgment appropriate sanction for willful noncompliance with discovery requests). We affirm on this issue.

■ However, the district court should not have proceeded to establish primary care without establishing a factual basis for the finding and a determination it was in Rachel's interest. A child does not lose his or her rights because a parent fails to comply with court rules. *See Flynn v. May*, 157 Md.App. 389, 852 A.2d 963, 975

(Spec.App.2004). We conclude the court abused its discretion in granting Kenneth physical care of Rachel upon entry of the default judgment. There was no available evidence to support the custody change. Following the entry of default judgment, the court should not have determined custody without evidence to warrant the judgment. *See* Iowa R. Civ. P. 1.973(2). In this case, the court should have entertained evidence relating to the best interest of the child. *See In re Marriage of Courtade*, 560 N.W.2d 36, 37 (Iowa Ct.App. 1996) ("In child custody cases, the best interests of the child is the first and governing consideration.") This may include the appointment of a guardian ad litem pursuant to Iowa Code section 598.12.

We affirm the district court's entry of default judgment. We reverse the district court's order granting Kenneth physical care of Rachel. We remand for further proceedings not inconsistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**