■ In the Matter of CITY OF NEW YORK et al., Petitioners, v COMMISSIONER OF LABOR et al., Respondents. [954 NYS2d 79]—

Determination of respondent Industrial Board of Appeals (IBA), dated September 22, 2010, which, after a hearing, among other things, imposed daily penalties upon the Commissioner of Labor's findings that the citations for petitioners' violation of 29 CFR 1910.1030 (c) (1) (iv) and (g) (2) (viii) were not abated, unanimously confirmed, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered February 24, 2011) dismissed.

Contrary to petitioners' contention, they had the burden in the appeal to the IBA to show that they had abated the violations (see State Administrative Procedure Act § 306 [1]; 12 NYCRR 65.30; see also 29 CFR 1956.52 [h]). Further, IBA's findings were supported by substantial evidence. IBA reasonably concluded that petitioners failed to show that the three facilities in question had sufficiently knowledgeable trainers, given that the New York City Department of Juvenile Justice (DJJ) failed to submit documentation of the training provided to the trainers on the process of addressing exposure to bloodborne pathogens. Further, contrary to petitioners' contention, the Commissioner's citation for the failure to adequately update the plan constituted sufficient notice to DJJ about the need to provide a site-specific plan. In any event, to the extent that such notice was insufficient under Labor Law § 27-a (6) (a), it would not constitute a basis to annul the determination in an article 78 proceeding (see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d 943, 944-945 [2d Dept 2011], lv denied 17 NY3d 714 [2011]).

Contrary to respondents' contentions, petitioners did not waive their challenges to the daily penalties assessed, which were raised in their closing memorandum in the appeal to IBA (see Labor Law § 101 [2]). However, we reject those challenges on the merits. The penalties assessed are within the limits set by Labor Law § 27-a (6) (a), were appropriately assessed

separately for each facility found to be in violation, and do not shock the conscience (*see Statharos v New York City Taxi & Limousine Commn.*, 269 AD2d 280, 281 [1st Dept 2000], *lv denied* 95 NY2d 767 [2000]). Concur—Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.