■ In the Matter of Iris Wise, Petitioner, v New York City Human Resources Administration et al., Respondents. [27 NYS3d 145]—

Determination of respondents, dated January 24, 2013, which, upon a finding that petitioner participated in a scheme to improperly transfer cases into the East End Job Placement

Center, in violation of Human Resources Administration Code of Conduct § III (1), (4), (11) and (37), Penal Law §§ 195.00 (official misconduct) and 156.25 (computer tampering) and Mayoral Directive 81-2 (unauthorized computer use), terminated petitioner's employment, unanimously modified, on the law, to vacate the finding that petitioner violated Code of Conduct § III (11), and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered on or about July 3, 2014), otherwise disposed of by confirming the remainder of the determination, without costs.

The finding that petitioner violated Code of Conduct § III (11) must be vacated because petitioner was not charged with violating that section and had no reasonable opportunity to respond to such a charge (*see Matter of Ahsaf v Nyquist*, 37 NY2d 182 [1975]; *Statharos v New York City Taxi & Limousine Commn.*, 269 AD2d 280 [1st Dept 2000], *lv denied* 95 NY2d 767 [2000]).

As to the remaining charges, substantial evidence supports the determination (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Hearing testimony, admission statements, and documentary evidence, including investigation reports, case transfer documents, lists, emails, and regional performance results, establish that petitioner, a deputy director of respondent agency's East End Center, knowingly and actively participated with her immediate supervisors in a scheme to transfer job placement cases from other agency centers in the region to the East End Center so as to satisfy the agency's job-placement goals for East End Center and to reduce agency pressure on the center arising from years of under-performance. The evidence and reasonable inferences drawn therefrom establish that petitioner, in furtherance of the case-transfer scheme, inter alia, knowingly co-signed official documents that permitted the improper transfer of cases, entered the case transfers into the center's computer system and directed staff personnel to make such entries, and collaborated with the center's director to destroy the improper case transfer documents despite agency document retention rules.

The termination of petitioner's employment with the agency does not, under the circumstances, shock one's conscience or sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32 [2001]). Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.