# IN THE COURT OF APPEALS OF IOWA

No. 16-1835
Filed June 21, 2017

**BONNIE BAILEY,**
        Petitioner-Appellant,

**vs.**

**BRIAN KEITH MURPHY,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Warren County, Richard B. Clogg, Judge.

        A mother appeals the modification of a custody decree. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

        Mark A. Simons of Simons Law Firm, P.L.C., West Des Moines, for appellant.

        Marc A. Elcock of Elcock Law Firm, P.L.C., Osceola, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Bonnie Bailey claims the district court erred in denying her motion for a continuance, in granting a default judgment on Brian Murphy's petition to modify the child-custody provisions of their dissolution decree, and in denying her motion to set aside the default judgment.

## I.    Background Facts and Proceedings

Bailey and Murphy are the parents of one minor child, born 2009. On December 21, 2010, an order was issued pertaining to paternity, custody, visitation, child support, and related matters. The order was modified on multiple occasions, with the most recent modification resulting in the parents having joint legal custody of the child and Bailey having physical care.

On October 29, 2013, Murphy filed a petition for modification seeking physical care. After considerable other activity in the case unrelated to this appeal, an order was entered on October 19, 2015, setting the modification for trial to be held on June 22, 2016. Bailey's counsel withdrew on June 8, 2016, and Bailey proceeded pro se. Bailey failed to appear for trial on June 22; the district court found her in default and scheduled a prove-up hearing for July 28. On July 1, Bailey sent the court a letter that stated she did not appear for trial because she was pregnant and had been in the hospital with Braxton-Hicks contractions. She added that she would be unable to attend the hearing on July 28 because she would be in the hospital to deliver her child. The court treated the letter as a motion to continue and scheduled a hearing on the motion for July 19 at 9:30 a.m. At 8:00 a.m. on July 19, Bailey e-filed a letter, notifying the court that she was unable to attend the hearing because she had been having

contractions for a couple of days and could go into labor at any time. The court denied Bailey's motion for a continuance, confirmed that the prove-up hearing would go forward on July 28, and stated that it would not consider further requests for a continuance by Bailey without a doctor's note. On July 27, Bailey wrote another letter to the court (filed at 8:21 a.m. on July 28), stating she would not be able to attend the prove-up hearing scheduled for that day because she had delivered her baby via C-section and had a tubal ligation on July 22 and had only been home from the hospital for two days. The hearing on the merits went forward as scheduled. On August 1, the court found Bailey to be in default and modified the custody decree, giving physical care of the child to Murphy.

On August 3, now represented by counsel, Bailey filed a motion to set aside the modification decree, claiming good cause to do so.[1] Along with the motion, Bailey provided medical documentation relating to her delivery; the documentation placed Bailey on a two-week driving restriction and instructed her to return on August 1, 2, and 10 for "wound care." The district court found Bailey failed to show good cause to set aside the modification decree and denied the motion.

Bailey appeals.

## II.    Scope and Standard of Review

We review the denial of a motion for a continuance for abuse of discretion. *Hawkeye Bank & Tr. v. Baugh*, 463 N.W.2d 22, 26 (Iowa 1990).

---

[1] Bailey preceded this motion with a pro se letter to the court filed August 2, seeking to have the judgment "revoked and a new trial date be set up after my recovery which would be after September 30, 2016." Murphy resisted the motion with his own pro se letter filed the same day.

Generally, we review the entry of default judgment for abuse of discretion. *In re Marriage of Williams*, 595 N.W.2d 126, 129 (Iowa 1999). However, in child-custody cases, the primary concern remains the best interests of the child. *See Fenton v. Webb*, 705 N.W.2d 323, 327 (Iowa Ct. App. 2005) (finding an abuse of discretion where the district court entered default "without establishing a factual basis for the finding and a determination it was in [the child's] interest").

"In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that discretion is abused." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009).

### III.   Motion for a Continuance

Bailey claims the district court erred in denying her July 1 motion for a continuance of the July 28 hearing on the merits of the custody action because her pregnancy and the complications arising from it constituted good cause.

Iowa Rule of Civil Procedure 1.911(1) provides: "A continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." In seeking a continuance of the July 28 prove-up hearing, Bailey stated she would be in the hospital having a baby. She provided no further detail and did not provide any medical confirmation of her condition. She also failed to appear at the hearing on the motion on July 19. Under these circumstances, we cannot say the district court abused its discretion in denying the motion. Accordingly, we affirm on this issue.

## IV.    Motion to Set Aside the Default Judgment

Bailey next argues the court erred in denying her motion to set aside the default judgment, because good cause existed to set the judgment aside.[2]

Iowa Rule of Civil Procedure 1.977 provides: "On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."  The burden is on the movant to establish good cause by showing one of the grounds listed in the rule. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999).

> We are more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial. *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994).  In that sense, we look with disfavor on a denial of such a motion, and we think all doubt should be resolved in favor of setting aside the default and default judgment.

*Id.*

In explaining the approach of Iowa courts to the excusable-neglect ground, our supreme court has highlighted four factors:

> First, did the defaulting party actually intend to defend?  Whether the party moved promptly to set aside the default is significant on this point.  Second, does the defaulting party assert a claim or defense in good faith?  Third, did the defaulting party willfully ignore or defy the rules of procedure or was the default simply the result of a mistake?  Last, whether relief is warranted should not depend on who made the mistake.

*Cent. Nat'l*, 513 N.W.2d at 756.  Upon our examination of these factors, we conclude the default judgment should have been set aside based on good cause

---

[2] Bailey also argues the court erred in entering a default judgment that granted Murphy physical care.  Because we determine the default judgment should have been set aside, we make no comment on the ultimate custody issue.

shown by excusable neglect. Bailey's intent to "actually defend" is indicated by the fact that she filed her motion to set aside the default judgment only two days after judgment was entered. *See id.* She offered a good-faith claim that it is not in the child's best interest that physical care be changed to Murphy. *See id.* Our review of the record also indicates Bailey did not "willfully ignore or defy the rules"; rather, her failure to appear was a result of her simplistic and rather poor communication with the court in an attempt to avoid the trial interfering with her late-term pregnancy, C-section delivery, and postpartum healing. *See id.*; *see also Brandenburg*, 603 N.W.2d at 585 ("'Willfully' and 'defying' signal conduct that goes beyond negligent or careless conduct."). Based on these factors and keeping with our general preference for trials on the merits, especially when the best interests of a child are at stake, we conclude the district court abused its discretion in not setting aside the default judgment.

## V.    Conclusion

We conclude the district court did not abuse its discretion in denying Bailey's motion for a continuance. However, under the unique facts of this case, we find the court abused its discretion in not setting aside the default judgment based on good cause.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**