# IN THE COURT OF APPEALS OF IOWA

No. 16-1845
Filed January 24, 2018


**AJR PEAKVIEW, INC., JOHN DOE I, FOGE INVESTMENTS, LLC, JETZ SERVICE CO., INC., JOHN DOE II, RYAN BARRY, and JOHN SNELLER,**
    Defendants-Appellants,

**vs.**

**FIRST BANK OF NEBRASKA,**
    Plaintiff-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.


The defendants appeal from the district court's entry of a foreclosure degree and judgment. **AFFIRMED.**



Mark A. Critelli of Critelli Law Firm, P.C., Urbandale, for appellants.

Thomas O. Ashby and Nicholas A. Buda of Baird Holm L.L.P., Omaha, Nebraska, for appellee.


Considered by Tabor, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

The defendants in a foreclosure action, AJR Peakview, Inc; John Doe I, FoGe Investments, L.L.C., Jetz Service Co., Inc.; John Doe II; Ryan Barry; and John Sneller (collectively, the defendants), appeal from the district court's entry of a foreclosure decree and judgment for the plaintiff, First Bank of Nebraska (the bank).

**I. Prior Proceedings.**

In the simplest terms, this case involves the bank's effort to foreclose a mortgage on a commercial apartment building, in which the defendant entities and individuals claim an ownership or lien interest. The bank filed the foreclosure action against the defendants in April 2015, and the defendants responded with several affirmative defenses and a counterclaim that the bank had engaged in misrepresentation of the contractual terms.

In September, in response to a motion from the bank and after a hearing on the matter, the court appointed a receiver over the mortgaged property. Additionally, the court noted, "Conducts towards [the bank] by [the defendants] has harmed [the bank] and significantly added to [the bank's] legal fees herein and burdened the mortgaged property."

In December, the bank filed a motion to compel production of documents and answers to interrogatories and for sanctions due to a number of failures by the defendants in producing documents, cooperating with the scheduling of depositions, attending depositions that had been scheduled, and responding to interrogatories. The bank also provided a detailed list of the efforts it had made to obtain or complete the items without the court's assistance. In addition, the bank

asked the court to order the defendants to pay certain legal fees—those that had been incurred attempting to receive past-due discovery.

Following a hearing, the court issued a written ruling on February 22, 2016 in which it ordered the defendants to pay $3400 of the bank's legal fees and prohibited the defendants from introducing at trial any documents they failed to produce by March 1. The court listed a number of documents the defendants had yet to produce and ordered them to do so within five days.

On March 8, the bank filed a motion asking the court to file the foreclosure decree in favor of the bank as a sanction for the defendants' failure to respond to discovery requests, as they had been ordered to do. The bank indicated its ability to prepare for the trial—then scheduled for April 1—had been seriously hampered.

A hearing on the motion for sanction was heard in May. In July, the court filed a foreclosure decree and judgment in favor of the bank. The court determined the bank was entitled to judgment as a matter of law when it considered the deemed admissions that had been ordered as part of the February 22 order and the undisputed evidence provided by the bank. Alternatively, the court concluded the entry of the foreclosure decree and judgment was proper as a sanction for the defendants' ongoing violations of the court's February 22 discovery order.

The defendants appeal.

## II. Discussion.

On appeal, the defendants first claim the district court lacked subject-matter jurisdiction and the foreclosure action should be dismissed. In support of their assertion, they insist that not all defendants received the contractually-obligated notice to cure. *See Hutcheson v. Iowa Dist. Court for Lee Cty.*, 480 N.W.2d 260,

262 (Iowa 1992) ("It is a well-settled rule that subject matter jurisdiction can be raised at any time, even for the first time on appeal."). However, defendants do not offer either argument or authority as to why this alleged failure by the bank would deprive the court of jurisdiction. *See City of Waterloo v. Bainbridge*, 749 N.W.2d 245, 247 (Iowa 2008) (citing *Olson v. Sumpter*, 728 N.W.2d 844, 849 (Iowa 2007) (holding the failure of a party to cite authority for an issue on appeal precludes us from reviewing that issue)).[1]

Subject-matter jurisdiction refers to "the authority of a court to hear and determine cases of the *general class* to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Schaefer v. Putnam*, 841 N.W.2d 68, 80 n.13 (Iowa 2013) (emphasis added) (citation omitted). "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation we say the court lacks authority to hear that particular case." *Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 874–75 (Iowa 2007).

"Subject matter jurisdiction is conferred by constitutional or statutory power. The parties themselves cannot confer subject matter jurisdiction on a court by an act or procedure." *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006) (citation omitted). Our district courts have "exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probation, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some

---

[1] We note that the question of whether the district court had subject-matter jurisdiction is not limited to only those arguments explicitly raised by a party, as the court may raise the issue sua sponte. *See State v. Lasley*, 705 N.W.2d 481, 486 (Iowa 2005).

other court, tribunal, or administrative body." Iowa Code § 602.6101 (2015). And "[t]here is no doubt the district court has jurisdiction over foreclosure and foreclosure rescission actions." *Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citing Iowa Code §§ 654.1, 651.17).

A notice to cure complying with Iowa Code section 654.2B must be served in a mortgage foreclosure action "before initiating an action pursuant to this chapter." *See* Iowa Code § 654.2D; *see also Farmers Tr. & Sav. Bank v. Manning*, 311 N.W.2d 285, 290 (Iowa 1981) ("A notice to cure is a condition precedent to bringing suit. Failure to comply is cause for dismissal of the action.").

In applying these legal standards of subject-matter jurisdiction, nothing the defendants have stated, and nothing we have found in our own review[2] of the record, supports the contention that the district court lacked subject-matter jurisdiction or the authority to hear this case. To the contrary, the record supports that the bank gave notice to cure[3] to the defendants and the district court had jurisdiction and authority. We do not consider this claim further.

Next, the defendants make several claims attacking the court's ultimate conclusion the bank was entitled to entry of the foreclosure decree as a matter of law.[4] But the district court entered the foreclosure decree not only on that basis

---

[2] Here, there is no district court decision to review regarding the issue of subject-matter jurisdiction as the parties did not raise the issue below. However, "we review proceedings concerning subject matter jurisdiction at law." *Lasley*, 705 N.W.2d at 485.

[3] The record shows the bank served a document entitled notice of breach which contains all of the requirements of a notice to cure under Iowa Code section 654.2B. During the May hearing, defendants' counsel conceded to the court on the record that notice to cure had been served.

[4] The defendants contend: (1) the bank failed to fulfill the condition precedent of complying with the notice-to-cure provisions in the mortgage; (2) the bank's motive for filing the foreclosure action was retaliation for the defendants' action of filing complaints with the

but also on "the independently sufficient basis of . . . the need to sanction [the d]efendants and to provide a remedy to [the bank] due to [the d]efendant's ongoing and multiple violations of [the] court's February 22, 2016 order."  *See* Iowa R. Civ. Pro. 1.517; *see also Fenton v. Webb*, 705 N.W.2d 323, 326–27 (Iowa Ct. App. 2005) ("In order to justify the sanction of default, a party's noncompliance with a court's discovery orders must be the result of willfulness, fault, or bad faith.").  The defendants have not challenged the court's sanction ruling, which independently supports the court's entry of foreclosure.  Thus, any argument regarding the court's decision to enter default judgment as a sanction has been waived.  *See Burns v. Bd. of Nursing*, 528 N.W.2d 602, 604 (Iowa 1995) (holding that a failure to address whether the court erred waives error on the issue).  We affirm the district court's entry of the foreclosure decree and judgment on this alternative ground.

**AFFIRMED.**

---

Office of the Comptroller of the Currency—though they do not argue the bank's foreclosure action was frivolous or unfounded; (3) John Sneller was not named, served, or provided a notice to cure; and (4) the bank did not prove Ryan Barry received his notice to cure on January 5, 2015.