# IN THE COURT OF APPEALS OF IOWA

No. 25-0370
Filed August 6, 2025

**JARED LYNN FOOTE,**
        Petitioner-Appellant,

**vs.**

**NIKKI RAE WILSON,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

A father appeals the district court's order denying his motion to set aside a default decree in a custody matter. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

R. Tim Jeffrey of McGinn & McCann PLC, Council Bluffs, for appellant.

Patricia Scheinost of Southwest Iowa Law Office, Council Bluffs, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Jared Foote appeals the district court's order denying his motion to set aside a default decree in a custody matter.  A default decree was entered after Foote failed to participate in mediation and appear at two telephonic pretrial hearings as ordered by the court.  We affirm in part, reverse in part, and remand.

## I.      Background Facts and Procedural Posture

This matter involves a custody and support dispute between Foote and Nikki Rae Wilson regarding their two minor children, G.E.F., born 2014, and P.M.F., born 2015. The parties, who were never married, share a contentious history involving a prior domestic incident that resulted in Wilson's arrest for child endangerment and domestic abuse assault followed by the issuance of a no-contact order.  The charges were ultimately dismissed with costs taxed to the State.

Foote initiated this custody action in March 2023, shortly after the domestic incident.  Wilson was served and filed a timely answer.  The parties agreed to a temporary order on May 12, granting Foote physical care of the children.  A mediator was appointed the same day.  However, the case stagnated for several months due to Foote's non-responsiveness and failure to complete mediation.[1]

Foote's attorney had a "breakdown in the attorney client relationship" leading to his withdrawal in late February.  The court advised Foote to retain new counsel and noted that, unless and until an attorney appeared, he would proceed

---

[1] This includes the scheduling (and continuance) of no less than seven separate trial scheduling conferences between May 2023 and February 2024.

as a self-represented litigant. All court notices were sent to his known address, and none were returned as undeliverable.

In June, Wilson filed a motion raising concerns about Foote's compliance with court orders, specifically, the inability to schedule and set a mediation date as required by court order. At that June hearing, both parties appeared. The court ordered mediation to be completed within thirty days and stressed the importance of compliance. The mediation was scheduled outside the thirty days because of Foote's non-compliance with the mediation requirement. And, despite these prior court warnings, Foote failed to appear for the scheduled mediation on August 11, even though Wilson timely attended and paid the mediator.

On August 21, a trial scheduling conference was held. Foote, Wilson, and court staff participated. The court set trial for November 15, with a mandatory pretrial conference on November 4. The written order explicitly warned that failure to participate in the pretrial conference would result in a default judgment. Foote failed to appear for the November 4 pretrial conference. The court did not grant default judgment but set a second pretrial conference for November 7. Foote failed to appear for that November 7 pretrial conference. As a result, the court deemed Foote in default, canceled the trial, and directed Wilson's counsel to submit a proposed decree.

A default decree was entered on November 8. While the court awarded the parties joint legal custody, physical care of the children was transferred to Wilson. A visitation schedule, holiday allocation, and child support provisions were established. Foote was ordered to pay $556.93 per month for two children, $374.03 per month for the other child, plus $104.36 in cash medical support. The

decree also addressed insurance responsibilities, uncovered medical expenses, and tax exemptions. Of note, no record was made as to any of the above. No evidentiary hearing occurred, no findings of fact were made, and Wilson did not provide any evidence to the court. So the district court made no findings as to the best interests of the children.

Foote subsequently obtained new counsel and filed a motion to set aside the default judgment. The court held a hearing on the motion on December 10 and found that Foote had received proper notice and had not demonstrated excusable neglect or good cause. The motion was denied. A subsequent motion to reconsider was likewise denied in February 2025.

On appeal, Foote argues that the default decree improperly transferred custody without a hearing or any evidence addressing the children's best interests. He asserts that the court failed to evaluate the custody change under the statutory factors required by Iowa law and deviated from the temporary custody arrangement without sufficient justification. Wilson, in contrast, maintains that Foote had ample opportunity to participate in the proceedings but repeatedly failed to do so and that the district court acted within its discretion in entering the default and denying relief. Foote filed a timely notice of appeal.

## II.     Standard of Review

Child custody determinations are reviewed de novo. *Thorpe v. Hostetler*, 949 N.W.2d 1, 4 (Iowa Ct. App. 2020). However, a district court's ruling on a motion to set aside a default is reviewed for abuse of discretion. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). Any doubts should be resolved in favor of setting aside a default. *Id.*

### III.    Analysis

A court should never "establish [physical] care without establishing a factual basis for the finding." *Fenton v. Webb*, 705 N.W.2d 323, 327 (Iowa Ct. App. 2005). That was not done here. While the court does have the power to "make such orders in regard to the failure [to comply with orders] as are just," *see* Iowa R. Civ. P. 1.517(2)(b), "in an action for custody, the court's ultimate ruling must be governed by the child's best interests—not a sanction," *Carmichael v. Philpott*, No. 17-0124, 2018 WL 739275, at *3 (Iowa Ct. App. Feb. 7, 2018). "A child does not lose his or her rights because a parent fails to comply with court rules." *Fenton*, 705 N.W.2d at 327; *see also In re Marriage of Mentz*, No. 23-1421, 2024 WL 4222622, at *6 (Iowa Ct. App. Sep. 18, 2024).

Here the district court issued default judgment without making any finding as to what was in the children's best interests. It is unclear whether evidence was presented to the court establishing what would be in the children's best interests. Wilson was required to "prove up" her case as to what would be in the children's best interests. What is clear is that no finding as to the children's best interest was made. We therefore conclude the district court abused its discretion in granting Wilson physical care of the children without making a finding as to the children's best interests.[2]

---

[2] To be clear, we convey no opinion as to what participation, if any, Foote should have at such evidentiary hearing given his default. We leave such determination to the sound discretion of the district court.

### IV.   Conclusion

We affirm the default judgment[3] and determination of joint legal custody but reverse the decree to remand for the limited purposes of conducting a prompt evidentiary hearing on the issues of physical custody, visitation, and child support. We express no opinion on the proper outcome and do not retain jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

---

[3] We express no opinion on whether, as a general proposition, it is appropriate for default judgment to be entered for failure to appear at a pre-trial conference as that issue is not litigated by the parties.